### ILLINOIS CENTRAL R. R. Co. *v.* DE WITT C. JORDAN.

1. RAILROAD. *Injury done whilst running more than six miles per hour. Rate of speed at instant of accident. Section 1047, Code of 1880.*

   Under ¿ 1047, Code of 1880, which provides a right of action in favor of any one injured by the locomotives or cars of a railroad company "whilst running at a greater rate of speed than six miles an hour, through any city, town, or village," it is no defense in a suit for damages for the killing of a horse within the corporate limits of a town that the train had been checked up to a rate of speed less than six miles per hour at the very instant of the killing, though just previously running at a greater rate of speed than six miles per hour.

2. SAME. *Section 1047, Code of 1880, construed. "City, town, or village"—meaning of.*

   The words "city, town, or village," as used in the above quotation from ¿ 1047 of the Code of 1880, must be construed as referring to an incorporated city, town, or village, and the statute applies to all violations of its terms within the legal or corporate limits of such city, town, or village, without regard to the irregular and variable lines of settlement and improvement.

3. SAME. *Action against, under ¿ 1047, Code of 1880. Evidence of non-inhabitation of part of town where injury occurred.*

   In an action based upon a violation of the statute referred to, if it be not shown that the corporate limits of the city, town, or village in which the injury is alleged to have occurred is disproportionate to the needs of its citizens, and seriously affects the interests of commerce passing through it from delays occasioned by observing the requirements of the statute, evidence that such violation occurred in an uninhabited part of the town is inadmissible.

APPEAL from the Circuit Court of Attala County.

HON. C. H. CAMPBELL, Judge.

De Witt C. Jordan, as next friend of G. S. P. Jordan, brought an

action for damages against the Illinois Central R. R. Co. for the killing of a mare belonging to the said G. S. P. Jordan. It was shown on the trial that the mare was killed by the train of the defendant within the corporate limits of the town of Kosciusko, and that the train was running at a greater rate of speed than six miles per hour just before the killing, but at the instant of killing at perhaps a less rate. The defendant offered to show that the place where the mare was killed was in a thinly populated woodland part of the town, but the court refused to admit any evidence to that effect. The jury found for the plaintiff, and the defendant appealed.

*W. P. & J. B. Harris,* for the appellant.

The theory which seems to have governed the court in this case is, that the corporate line of a town is a *dead line* in every case, and the railroad company is liable under the statute for running over six miles an hour within corporate limits. The section of the code making it penal to run trains through towns or villages does not use the words "corporate limits." The corporate limits of a town or village may extend several miles beyond the village proper, and the very reason of the law ceases when the train has passed the inhabited portion of the town. The corporate limits are often fixed with reference to the future growth, or for purposes of jurisdiction or police. The statute had reference to places where people are congregated or assembled in numbers, and engaged in the multiplied business engendered, and was for the protection and safety of such persons. *Baltimore R. R. Co.* v. *Maryland,* 19 Eng. & Am. R. R. Cases 89 and 90 ; *Myers* v. *Chicago, etc., R. R. Co.,* 7 Eng. & Am. R. R. Cases 406.

That corporate lines were not intended to govern and were not in the meaning of the statute is manifest from the fact that the penalty would attach in cases where there were no corporation lines, or where a town having them had outgrown them. In this view of the statute, which, we think, is beyond question the correct one, it was perfectly competent for the defendant to show that, while the injury occurred, in point of fact, within the corporate line, yet it was at a point remote from the inhabited part of

the town—in a wilderness, an out-lying old field—and not at an inhabited place. Such was the proof offered by the defendant in the case at bar and excluded by the court, and in this we insist the court erred.

*Haden & Dodd,* for the appellee.

The only purpose and effect of the evidence excluded by the court could have been to have misled the jury by impressing them with the idea that although the statute made the railroad company liable for any damages or injury which might be sustained by any one from a locomotive or cars whilst running at a greater *rate* of speed than six miles per hour through any city, town, or village, that this did not, or might not apply unless the portion of the town in which the injury or damage was done was thickly inhabited. No such exception was engrafted on the statute by the legislature, and the court certainly did not err in refusing to allow appellant's counsel to engraft any such exception by the proposed evidence. The whole matter as to the rate of speed of trains in cities, towns, etc., and the penalties for violation, is a creature of the statute, and by that must stand or fall. It is a wholesome law, enacted for a wise purpose, and it is not the province of the courts to change or alter it.

ARNOLD, J., delivered the opinion of the court.

Appellee's mare was killed by appellant's train within the corporate limits of Kosciusko; and just before she was struck the train was running at a greater rate of speed than six miles an hour, in the corporate limits of the town. Under these circumstances, it is no defense that the speed of the train had been checked to some extent, and that it was running at a less rate than six miles an hour at the very moment the collision occurred. *N. O., etc., R. R. Co.* v. *Toulme,* 59 Miss. 284.

Appellant is liable for the value of the animal, unless the restriction imposed by § 1047 of the code on the speed of locomotives and cars passing through towns, cities, and villages is limited to the improved and inhabited portions of such localities, and does not apply to the entire passage through their corporate limits. On the face of the statute no such limitation is suggested.

Incorporated towns, cities, and villages are not expressly designated in the statute, but they seem to be implied from the provision that suit may be brought in the name of any town, city, or village in which the statute is violated, to recover the penalty prescribed for such violation. Unless it be assumed that it was the purpose of the lawmakers to confer this right upon a nonentity in law, incapable of suing or being sued, incorporated towns, cities, and villages must be intended.

The statute subordinates the advantages of rapid travel and transportation to the public safety and convenience, in communities where property and population are aggregated. The true view is, as said in *V. & M. R. R. Co.* v. *McGowan,* 62 Miss. 682, that the statute was passed for the protection of life and property with reference to the known danger to both in cities, towns, and villages from the rapid motion of locomotives and cars. Unquestionably, protection from such danger is more reliable and effectual when the speed of cars and locomotives is regulated by legally defined corporate boundaries, than when left to the irregular and varying lines of settlement and improvement. If it can be done, the statute must be construed so as to accomplish the object intended by its framers. It is not inconsistent with the terms, and it comports both with the spirit and object of the statute, to apply its provisions to organized, incorporated towns, cities, and villages, including the territory embraced in their limits as fixed by law.

It does not appear from the record that the corporate limits of Kosciusko are so large and disproportionate to its population and the wants and necessities of its citizens, as to seriously affect the interests of commerce passing through it from delays occasioned by observing the requirements of the statute, nor that the running of locomotives and cars therein is regulated, as in the cases cited for appellant in 7th and 19th Am. & Eng. Railroad Cases, merely by an unreasonable city ordinance, and we are of opinion that the objection to the testimony offered to show the character of that part of the town in which the animal was killed was properly sustained, and that appellant has no cause to complain of the judgment from which it appeals. *Affirmed.*