## WM. B. MURPHY *v.* THE STATE.

1. PRIVILEGE TAX. *Boarding-house. Meaning of " town."*
   The word town as used in the statute imposing a privilege tax on boarding-houses in a town does not apply exclusively to towns that are incorporated. *I. C. R. R. Co.* v. *Jordan,* 63 Miss. 458, distinguished.

2. SAME. *What " town " includes.*
   The word " town " in said statute applies equally to cities, and to incorporated villages, or it may include a mere congregation of houses not incorporated.

3. WHEN A QUESTION FOR JURY.
   Whether a place not incorporated is a town or not, within the meaning of this statute, is a question of fact for the jury to decide.

APPEAL from the circuit court of Harrison county.

HON. S. H. TERRAL, Judge.

The appellant was indicted and convicted for the offense of keeping a boarding-house in a town without paying the privilege tax prescribed by the act of March 18, 1886. The proof showed that appellant kept a boarding-house in Mississippi City, which is not an incorporated town. The state was permitted to prove, over the objection of the defendant, that Mississippi City was a place containing a railroad station, telegraph office, post-office, court house, hotels, and many stores and dwelling-houses congregated together, and upon this proof the court granted an instruction in behalf of plaintiff that Mississippi City was a town within the meaning of the statute, and refused to charge in favor of the defendant that it was not a town because not incorporated.

Defendant was convicted, and appealed from the judgment of the court, and, among other things, complains of the action of the court in giving the above instruction for the state.

*Evans & Seal,* for appellant.

The court takes judicial notice of cities and towns. 1 Greenl. Ev. 6 ; *I. C. R. R. Co.* v. *Jordan,* 63 Miss. 458 ; *Morgan* v. *State,* 64 Miss. 511. The statute, Acts 1886, approved March 18, 1886, permits a boarding-house to be kept anywhere in a county, except

in a city or town, without paying any privilege tax. The city or town must be incorporated or the court will not judicially take notice of it as such. Imaginary cities and towns are springing up all over the country (towns on paper) with maybe a railroad depot, telegraph office, and a few scattering buildings, such as are found in Mississippi City, as shown by the testimony. The fact that there is a court house, railroad, and post-office located near together would not constitute a town, nor could such a very small collection of houses as is shown by this testimony be adjudged to be a town.

*T. M. Miller*, attorney-general, for the state.

It is plain that in the contemplation of the lawmakers it was not intended that the word "town" should apply to incorporated towns alone, for the word "incorporated" would have suggested itself to them, and it is usual to insert the word in such statutes. The proper interpretation of the word "town" in the statute seems to us to be that given in the case of *Regina* v. *Cottle*, 71 Eng. Com. Law (16 Q. B. 411), that is to say, "in a popular sense : that a town is generally a congregation of houses, and that the jury were to say whether the spot in question was surrounded by houses so reasonably near that the inhabitants might be fairly said to dwell together." If this be the correct interpretation of the word town, the evidence on this point was all properly admitted, and clearly justified the judge in determining that Mississippi City was a town in the meaning of the statute.

Arnold, C. J., delivered the opinion of the court.

The court should not have instructed the jury that Mississippi City was a town. The testimony showed that it was not incorporated, and whether it was a town or not, was a question of fact to be determined by the jury, and not by the court.

The word "town," as used in the statute which imposes a privilege tax on a private boarding-house in a town, does not refer exclusively to incorporated towns. In *I. C. R. R. Co.* v. *Jordan*, 63 Miss. 458, the terms town, city or village, in the statute regulating the speed of locomotives and cars, were construed to mean

incorporated town, city or village, from the fact, that the statute authorized suit to be brought for its use by any town, city or village in which the statute was violated, to recover the penalty for its violation, and this implied that they should be incorporated and capable of suing.

A town, in its popular sense, has been defined to be, a congregation of houses so reasonably near each other that the inhabitants thereof might be fairly said to dwell together. *Reg.* v. *Cottle*, 71 Eng. Com. Law (16 Q. B. 412); *Elliott* v. *South Devon Railway Co.*, 2 Exch. R. 724; *Directors of London Railway Co.* v. *Blackmore*, L. R. 4 Eng. & Irish App. 610.

The meaning of the word "town," says Bishop, varies more or less with the connection and the subject. It may include cities and incorporated villages, or a mere congregation of dwelling-houses not incorporated. Bish. Stat. Law, § 299 a.

We think this is the sense in which the word is used in the statute in question, and that it may include an incorporated as well as an unincorporated town.

*Judgment reversed and a new trial awarded.*