Nov. Term, 1855.

THE COMMON
COUNCIL OF
INDIANAPOLIS
V.
CROAS.

---

THE COMMON COUNCIL OF INDIANAPOLIS *v.* CROAS.

Section 54, p. 332, R. S. 1843, which provided that every public highway already laid out, or which might thereafter be laid out, and which should not be opened and worked within six years from the time of its being so laid out, should cease to be a highway for any purpose whatever, did not apply to the streets or alleys of a town or city.

Section 2 of the act of 1818 "for recording town plats," (R. S. 1831, p. 530,) was applicable to dedications of streets.

Under that section, real estate dedicated for a street or alley, could not be re-claimed by the donor, without the consent of the owners of the property adjoining such street or alley.

The laying out of an addition to a town, recording the plat, and selling lots with reference to the adjoining streets and alleys, give to the proprietors of such lots a private right in such streets or alleys, distinct from the claim of the public, which even the legislature can not take away, unless to appro-priate such streets or alleys to a public use.

Every street is a highway, but every highway is not a street.

APPEAL from the *Marion* Court of Common Pleas.

GOOKINS, J.—The appellee was prosecuted before the mayor of *Indianapolis*, for obstructing an alley in violation of an ordinance of the city. On appeal to the Common Pleas, the defendant had judgment, from which the city appeals to this Court.

In 1837, one *Harris* laid off an addition to the town of *Indianapolis*, a plat of which was duly recorded, on which an alley is designated, extending through several blocks. The defendant owns a lot, extending through half a block, bounded by the alley, opposite to which another lot, owned

*Monday,
November* 26.

Nov. Term,
1855.

THE COMMON
COUNCIL OF
INDIANAPOLIS
v.
CROAS.

by the defendant, and two others, owned by different proprietors, abut upon the same alley. The obstruction consisted of fencing up that part of the alley adjoining the defendant's lot first mentioned, which he refused to remove on proper notice. That part of the alley has been enclosed and in the defendant's possession since 1838; the residue has been open since 1843. The defendant's deeds do not include the alley, but describe his lots as being bounded by it.

The question arising upon this state of facts, is, whether the alley has been vacated by non-user. The following statutory provision is relied upon to show that the alley is vacated:

"Every public highway already laid out, or which may hereafter be laid out, and which shall not be opened and worked within six years from the time of its being so laid out, shall cease to be a highway for any purpose whatever." R. S. 1843, p. 332, sec. 54.

We do not think this section was intended to apply to the streets and alleys of a town or city. The legislative intention is to be gathered from the several enactments bearing upon the subject. The chapter in which this section is found, is on the subject of "highways and bridges." It prescribes the mode of laying out, changing, and vacating highways, defines the powers and duties of supervisors, specifies who are liable to perform labor upon them, directs the manner of enforcing its performance, and provides for the erection and repair of bridges, &c. No reference is made in this chapter to the streets or alleys of towns, unless it is contained in the section above quoted; and it is very evident that no other part of it has any application to them whatever.

There is another chapter, the 24th, page 383 of the same revision, which prescribes the manner of laying out towns, the vacation of town lots, streets, alleys, public squares, and commons; and here is the place to look for a provision like that on which the defendant relies, but none such is found. While on the subject of vacating streets and alleys, had it been intended that non-user should have that

effect, it would have been so declared. Upon comparing the two chapters, and considering the objects of both, nothing is more apparent than that if the 54th section above referred to embraces streets and alleys, it results from accident and not from design. To give it that effect would therefore violate the first and most obvious rule of construction, the legislative intention.

The appellee refers us to an unreported decision of this Court, in the case of the city against *Noble's* heirs, which, we must admit, can not be distinguished from the present case. The whole of that decision is as follows: "The streets of a town or city are public highways; this case is therefore within the 54th section of the act of 1843, respecting the laying out of highways." We are not aided by any reasoning of the Court, in that case, and as it was never reported, it was not, probably, upon further consideration, entirely satisfactory to the Court; but whether it was or not, we can not concur in the view there taken.

The manner of establishing streets and alleys in a town, and of laying out common roads, is very different. The former is a dedication by the owner, by means of a plat recorded, on which they are designated. The latter is the appropriating of private property to a public use by the state, by the exercise of the right of eminent domain. It is done upon the petition of a certain number of freeholders of the immediate neighborhood, addressed to the board of commissioners, and the appointment of viewers, upon whose report that the proposed road will be of public utility, it is ordered to be opened, whether the owner of the land over which it passes is willing or not. And here it may be proper to say, that if the streets and alleys of towns are the kind of public highways the legislature had in view in the act referred to, they may be opened on petition and view like other roads, which we think will not be claimed by any one.

When *Harris* laid out this addition, the statute of 1818 providing for the recording of town plats was in force. R. S. 1831, p. 530. The second section of that act is as follows:

Nov. Term,
1855.

THE COMMON
COUNCIL OF
INDIANAPOLIS
v.
CROAS.

"Every donation or grant to the public, or any individual or individuals, religious society or societies, or to any corporation or bodies politic, marked or noted as such on the plat of the town wherein such donation or grant may have been made, shall be considered to all intents and purposes as a general warranty to the said donee or donees, grantee or grantees, for his, her, or their use, for the purposes intended by the donor or donors, grantor or grantors aforesaid."

In the case of *Conner* v. *New Albany*, 1 Blackf. 43, the dedication provided for in the above section was held to apply to streets. This dedication is the act of the owner, and he can never reclaim the property except upon certain conditions prescribed by law. One of those conditions is, that the consent of the owner of the property adjoining the street or alley shall be obtained. R. S. 1843, p. 386, sec. 11. Not so with a common road. It is laid out and kept open by the state. The owner warrants nothing to the public, but merely submits to their use of the easement. If they neglect to use it for six years, the easement abates, for the reason that the public do not need it.

But in the present case other rights are involved. There are two lots, belonging to other owners, abutting upon the part of the alley obstructed. The laying out of this addition, recording the plat, and selling lots with reference to the adjoining streets and alleys, gave to the proprietors of those lots a private right, distinct from the claim of the public, which even the legislature could not take away, unless to appropriate to a public use. *Le Clercq* v. *Gallipolis*, 7 Ohio 217.—*Rowan's Executors* v. *The Town of Portland*, 8 B. Monroe 232.—*Augusta* v. *Perkins*, 3 *id.* 437.

It is said that a street in a town or city is a highway, and therefore within the said 54th section. No doubt a street or alley in a town is a highway, and so is a navigable river, but it is not *therefore* within that section. Every street is a highway, but every highway is not a street.

The defendant showed no right to obstruct the alley in question, and the judgment of the Court of Common Pleas must be reversed.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*N. B. Taylor*, for the appellants.

*J. L. Ketcham*, for the appellee.