*D. E. Palmer*, for the appellant.

*Oscar B. Hord*, Attorney General, for the State.

---

## THE STATE *v.* MATHIS *et al.*

| 21b 277 |
| 141   6 |

CRIMINAL LAW AND PRACTICE.—In an information, the statement in the caption of the title of the Court to which the information is presented is sufficient, without naming the county.`

SAME.—A public street in a town or city is a public highway, and it is sufficient in an information to describe it as a public street.

APPEAL from the *Bartholomew* Common Pleas.

DAVISON, J.—The information in this case is as follows: " *State of Indiana* v. *John D. Mathis* and *Samuel Hege*—In the *Bartholomew* Common Pleas: *Jeptha D. New*, prosecuting attor-

The State *v.* Mathis et al.

ney, &c., informs the Court that the defendants, on or about the 1st of *September*, 1862, owned a saw mill on *Jackson* street, in the town of *Columbus, Bartholomew* county, *Indiana,* which obstructed and hindered, and ever since hath continued to obstruct and hinder, the free passage of a public street of known notoriety, to-wit: *Jackson* street aforesaid, in the town, county and State aforesaid, in front of said saw mill, by piling lumber from said mill on said street in front of said mill, to the great annoyance and injury of the citizens of the town, county and State aforesaid," &c.

The defendants moved to quash the information. The Court sustained the motion and the State excepted.

This information is said to be defective on two grounds: 1. Its caption does not state the county in which the prosecution was instituted. 2. It charges the obstruction of a public street instead of a public highway. The first ground is untenable. See *Malone* v. *The State,* 14 Ind. 220. A statement of the title of the Court to which the information is presented is sufficient, without naming the county. 2 G. & H. pp. 400, 403, 404; and, moreover, the offence is charged to have been committed in *Bartholomew* county. But *Malone* v. *The State, supra,* is decisive, that the first ground of objection is not well taken. Nor is the second at all available. "A public street in a town is a public highway." *Conner* v. *New Albany,* 1 Blackf. 43, 45; *Common Council, &c.* v. *Croas,* 7 Ind. 9, 12. It may be that the town of *Columbus* is incorporated and has assumed by her by-laws to punish offences of this character; but whether this be so, does not appear in the record, and hence we must intend that the Common Pleas had full cognizance of the case made by the information.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*Oscar B. Hord,* Attorney General, and *John Mullany* and *Francis T. Hord,* for the appellant.