Flinn *v.* The State.

*D. S. Major,* for appellant.

*W. S. Holman,* for appellee.

---

## FLINN *v.* THE STATE.

INFORMATION.—In an information in the Court of Common Pleas for murder, the prosecuting attorney informed the court that A B was in custody, and confined in jail, on charge of a felony, without indictment, &c., "said charge being described as follows:" A description of the crime of murder in the second degree followed, but the information contained no direct averment that the defendant had committed the crime.

*Held,* that the information was bad.

TOWN—CITY.—The word *town* is generic, comprehending city, and hence the law which makes shooting in a "town or village" a misdemeanor applies to cities.

APPEAL from the *Marion* Common Pleas.

FRAZER, J.—The information in this case was as follows: "*W. W. Woollen,* district attorney, &c., informs the *Marion* Court of Common Pleas that *Patrick Flinn,* who now is in custody, and confined in the jail of *Marion* county and State of *Indiana,* upon a charge of felony hereinafter described, and who has not been indicted by the grand jury

of *Marion* county upon said charge, *said charge being des-èribed as follows,* to-wit:—At *Marion* county, in the State of *Indiana,* on the 19th day of *May,* 1863, said *Patrick Flinn* did unlawfully, feloniously, puposely, and maliciously, but without premeditation, kill and murder *George C. Halford,* by then and there shooting said *George C. Halford,* in and upon the head, with a certain pistol, loaded with gunpowder and leaden balls, then and there had and held by said *Patrick Flinn,* contrary to the statute, &c."

A motion to quash the information was overruled. It should have been sustained. The pleading merely alleges that *Flinn* was in custody upon a certain charge, and that he had not been indicted therefor. It ought, in addition, to have alleged directly, in proper form, that he did the things wherewith he had been so charged.

The evidence disclosed that *Flinn,* shooting at a tree, in a public park in the city of *Indianapolis,* missed the tree, and accidentally struck *Halford,* causing his death. If this shooting in the city was an unlawful act, it would, of course, constitute an important element in the case. Upon that question, the court instructed the jury that such shooting was a violation of section 3 of an act defining certain misdemeanors. 2 G. & H. 645. That section makes such shooting in a "town or village" a misdemeanor. It is urged that, *Indianapolis* being a city, the instruction was wrong. We are not of that opinion. The term "town" is *generic,* comprehending cities. 1 Black. Com. by *Chitty,* 81–2.

The judgment is reversed, and the cause remanded, with directions to the court below to set aside all its proceedings subsequent to the motion to quash, and to sustain that motion. The warden of the state prison will be directed to return the prisoner, &c.

*A. G. Porter, B. Harrison, W. P. Fishback,* and *B. K. Elliott,* for appellant.

*W. W. Leathers* and *G. Carter,* for the State.