29h 303
s92a 629
167a 192

IN THE MATTER OF OPENING LEXINGTON AVENUE, BETWEEN NINETY-SEVENTH AND ONE HUNDRED AND SECOND STREETS.

*Constitution — streets in cities may be laid out by authority of a private or local bill — Constitution, art. 3, sec. 18 — 1881, chap. 469, is constitutional.*

The prohibition contained in section 18 of article 3 of the Constitution against the passage of a local or private bill "laying out, opening, altering, making or discontinuing roads, highways or alleys" does not apply to streets and avenues of cities, but only to roads and highways as known and designated under the general highway system of the State.

Chapter 469 of 1881, providing for the laying out and opening of Lexington avenue in the city of New York by the proper authorities of the city, is constitutional and valid.

APPEAL from an order of the Special Term appointing commissioners of estimate and assessment in the above entitled matter.

*Herbert A. Shipman*, for F. R. Houghton and others, appellants.

*Arthur Berry*, for city of New York, respondent.

BRADY, J.:

The legislature, by chapter 469 of the Laws of 1881, entitled "An act relative to the establishment, laying out and opening or extension of Lexington avenue from Ninety-seventh street to Ninety-eighth street, and from Ninety-ninth street to One Hundred and Second street, in the city of New York," altered the map or plan of this city by laying out thereon by metes and bounds Lexington avenue between the points above described. It was provided in the act that the proper authorities of the city of New York should take proceedings to open the said avenue. In pursuance of this act application was duly made to the Supreme Court by the department of public works for the appointment of commissioners of estimate and assessment.

This motion was opposed upon the ground that the act laying out the avenue was unconstitutional and void, being in conflict with section 18 of article 3 of the State Constitution. The objection was overruled and the application granted, and an order to that effect duly entered on the 14th day of June, 1882. From that order this appeal was taken.

The learned justice presiding at the Special Term, in an opinion which we adopt, held that the section of the Constitution mentioned was not violated, because it only applies to roads and highways as known and designated under the general highway system of the State, or, in other words, that it relates merely to roads and highways and not to the streets and avenues of cities. And this view was sustained, it was thought, by the case of the *People ex rel. The Commissioners* v. *Banks* (67 N. Y., 568), though not precisely in point, for the reason that it presented an analogous question to that involved herein, and it was also thought safe to regard the remarks of the learned judge delivering the opinion in the Court of Appeals as conveying the true import and meaning given by that court to the section under consideration, the learned judge having said:

"This provision was designed to prevent any interference with the general highway system of the State, or with the keeping of the ordinary highways and public roads in repair under that system,

and the supervision of the officers designated, and in the use of the means and the labor provided by law."

This conclusion seems to be justified. A street or avenue of a city is not a highway within the meaning of the section under consideration, or within the meaning of the statutes relating to the laying out, opening, etc., of the highways. As contended by the counsel for the respondent the mode of procedure in the two cases is entirely different, and so is the result. The distinction seems to be that lands taken for highways in this State are not taken in fee, but an easement only is acquired for the object in view, while lands taken for the purposes of a street or avenue are acquired in fee by the city. This is suggested in the case of the *Washington Cemetery* v. *Prospect Park and Coney Island Railroad Company* (7 Hun, 655), in which it was said that "under general statutes of the State lands for highways are not taken in fee, but an easement only is taken for the purpose of the highway." This case was affirmed in the Court of Appeals. (68 N. Y., 630.)

In the State of Indiana it has been held that the general statutes of the State in relation to "public highways" do not apply to the streets and alleys of an incorporated town or city. (*Indianapolis* v. *Croas*, 7 Ind., 9.)

And it was held in the State of New Jersey that the general road acts of the State do not apply to incorporated places having special power to regulate and improve streets. (*Cross* v. *Morristown*, 18 N. J. Eq., 305; *State* v. *Morristown*, 33 N. J. Law, 57.)

For these reasons we think the case was properly disposed of in the court below, and that the order appealed from should be affirmed, with ten dollars costs and the disbursements of the appeal.

DAVIS, P. J., and DANIELS, J., concurred.

Order affirmed, with ten dollars costs and disbursements.