Bybee *et al. v.* The State.

Filed April 4, 1884.

---

No. 10,690.

## BYBEE ET AL. *v.* THE STATE.

CRIMINAL LAW.—*Obstructing Public Highway.—City Street.—Private Way Over and Above Street.—Question of Fact.*—A public street is a public highway, and the wrongful obstruction of a public street is a misdemeanor and is punishable as such, under the provisions of section 1964, R. S. 1881. The erection or maintenance of any structure for private use, such as an enclosed passage way over and above a public street or highway, which obstructs or may obstruct such street or highway, is a misdemeanor within the meaning of the statute, and is punishable as a public nuisance. Whether or not the particular structure, so erected or maintained, obstructs or may obstruct wrongfully the public street or highway, is a question of fact, in every case, for the court or jury trying the cause.

SAME.—*Errors not Discussed.—Waiver.—Supreme Court.*—In criminal, as in civil causes, errors assigned by the appellant, which are not discussed in his brief, are regarded as waived, and are not considered by the Supreme Court.

From the Criminal Court of Marion County.

*U. J. Hammond,* for appellants.

*F. T. Hord,* Attorney General, *W. T. Brown,* Prosecuting Attorney, *J. B. Elam* and *J. L. Mitchell,* for the State.

HOWK, C. J.—Addison Bybee and Julius F. Pratt were jointly prosecuted, tried and convicted, upon affidavit and in-

formation, for maintaining a nuisance. From the judgment of conviction they have appealed to this court, and have here assigned, as errors, the following decisions of the trial court:

1. In overruling their motion to quash the information;

2. In overruling their motion for a new trial; and,

3. In overruling their motion in arrest of judgment.

It was charged in the affidavit and information, that the appellants did, on the 15th day of March, 1882, in Marion county, and from that day continuously until the day of presenting such information, unlawfully and wrongfully obstruct a certain public highway in Marion county, known as " Eddy street," in the city of Indianapolis, being a street within such city, beginning at South street and extending in a southerly direction to Norwood street, South and Norwood streets both being streets of such city, by then and there unlawfully and wrongfully erecting and maintaining a certain foot-bridge, being a structure of wood and iron of a permanent character, extending from one side of said Eddy street to the other side thereof, and obstructing and hindering the good citizens of such city, county and State, in their use and enjoyment of said street as a public highway, contrary to the form of the statute, etc.

The first and third errors, assigned by the appellants, call in question the sufficiency of the facts, stated in the information, to constitute a public offence, and the jurisdiction of the trial court of the offence charged. The appellants' learned counsel has not pointed out, in argument, any objection to the sufficiency of the affidavit or information, either in form or substance; nor has he questioned, in his brief of this cause, the jurisdiction of the criminal court of the offence charged in the affidavit and information. Under the settled practice of this court, in criminal as well as in civil causes, the first and third errors must, therefore, be regarded as waived.

In their motion for a new trial, the only causes therefor assigned by the appellants were. that the finding of the trial court was contrary to law, and contrary to the evidence. On

the trial of the cause, the following facts were established by the evidence of Samuel H Shearer, Esq., civil engineer of the city of Indianapolis, to wit:

That part of Eddy street, in the city of Indianapolis, in Marion county, which lies between South street and Garden street, in such city, is a street thirty feet in width, and is an improved public highway. The defendants, Addison Bybee and Julius F. Pratt, are owners in fee of real estate which abuts that particular part of Eddy street on the east side, and are owners in fee of the real estate which abuts said part of Eddy street on the west side; their real estate on the east side is covered by one brick building, and their real estate on the west side is covered by another brick building. Said defendants, before the — day of ——, 1882, built and have since maintained, and still maintain, across said Eddy street, between the upper stories of their said two brick buildings, an enclosed passage way constructed of wood and iron, permanent in its character, and so strongly and properly built as that there is no danger of its giving way or falling.

The said enclosed passage way is six feet and four inches wide, and seven feet and six inches high. Through it passes a leather belt, connecting machinery in one of the said brick buildings with machinery in the other brick building. It is now used by the defendants and their employees, for the purpose of passing at will from an upper story of one of the brick buildings to an upper story of the other brick building, and for the purpose of carrying light articles for ordinary use in manufacturing. This enclosed passage way does not rest upon, or touch, or get support from Eddy street, at any point. Where this enclosed passage way is joined to the defendants' brick building on the west side of Eddy street, the distance from the surface of the street up to the floor of the passage way, in a straight line, is thirteen feet and three inches; in the middle of Eddy street, the distance from the surface of the street up to the floor of the passage way, in a straight line, is fourteen feet and one and one-half inches;

and where this enclosed passage way is joined to the defendants' brick building on the east side of Eddy street, the distance from the surface of the street up to the floor of the passage way, in a straight line, is fourteen feet and ten inches. At no point in Eddy street is the distance of the surface of the street to any point in the enclosed passage way less than thirteen feet three inches.

This enclosed passage way does not impede free passage or travel on foot, or with ordinary vehicles, by the public, to and fro along the said part of Eddy street. It would impede the removal of a house, or other building of size, or the passage of any vehicle or other moving thing, of a height or loaded to a height beyond the bottom of the passage way. The passage way is in the county of Marion, and State of Indiana. The defendants, Addison Bybee and Julius F. Pratt, so built and maintained, and are so maintaining, the said enclosed passage way.

Upon the foregoing evidence, the State rested its case, and the appellants introduced no evidence.

The question for decision is this: Does the evidence appearing in the record, and quoted in this opinion, show that the appellants, in maintaining the passage way described by the witness, over and across Eddy street in the city of Indianapolis, unlawfully and wrongfully obstructed a public highway in Marion county? We are of opinion that this question must be answered in the affirmative. It has been repeatedly held by this court, that a public street is a public highway. *Common Council, etc.*, v. *Croas*, 7 Ind. 9 ; *State* v. *Berdetta*, 73 Ind. 185 (38 Am. R. 117) ; *Sims* v. *City of Frankfort*, 79 Ind. 446. The obstruction of a public street wrongfully is, therefore, a misdemeanor, and is punishable, as such, under the provisions of the criminal law. Section 1964, R. S. 1881. In *State* v. *Berdetta, supra*, it was said : " Public highways belong, from side to side and end to end, to the public." It may be said, also, figuratively speaking, that the rights of the public, in a public street or highway, extend beneath the

surface to the center of the earth, and above its surface to the highest heavens, to such an extent, at least, that no person may wrongfully obstruct such public rights.   The permanent and exclusive use and occupancy of any public street or highway by any person, by the erection or maintenance of any structure on, beneath or above its surface, which wrongfully obstructs or may obstruct such street or highway, is a misdemeanor within the meaning of the statute and is punishable as a public nuisance.   Whether or not the particular structure, so erected or maintained, obstructs or may obstruct wrongfully the public street or highway, is a question of fact, in every case, for the court or jury trying the cause.   *Grove* v. *City of Fort Wayne*, 45 Ind. 429 (15 Am. R. 262); *Town of Centerville* v. *Woods*, 57 Ind. 192; *City of Logansport* v. *Dick*, 70 Ind. 65 (36 Am. 166).

In the case at bar, we can not disturb the finding, or reverse the judgment below, upon the evidence.

The judgment is affirmed, with costs.

