STATE OF MINNESOTA *vs.* BALTHASAR EISELE.

July 21, 1887.

Indictment—Highways—Obstruction.—Indictment for a nuisance in obstructing a highway is proper, though it be in dispute that the land is a highway.

Highways—Dedication—Acceptance.—Public work done on a highway may be proved, not to show an intent to dedicate, but to show an acceptance by the public.

Same—Evidence.—Where witnesses testified to acts and declarations of the alleged dedicator, that they had sought to buy the land does not tend to impeach that testimony.

Same—Competency of Witness.—Upon such an indictment, persons owning land near or abutting on the alleged highway are not interested in the event, so as to make them incompetent to testify to admissions of the alleged dedicator, he being dead.

Appeal by defendant from an order of the district court for Scott county, *Macdonald,* J., presiding, refusing a new trial, the defendant having been convicted of obstructing a public highway.

*E. Southworth,* for appellant.

*Moses E. Clapp, Attorney General,* and *H. J. Peck,* for the State.

GILFILLAN, C. J.[1]   Indictment for a nuisance in obstructing a public street.    The state, on the trial, claimed that the land over which the alleged street ran was dedicated by the owner, one Holmes, to public use as a street, and that the dedication was accepted by user on the part of the public.   Defendant purchased the land from the heirs of Holmes, and claimed that it never was dedicated as a street; and that was really the only issue at the trial, for on the evidence there was no dispute that for several years the public used it as a street, nor is there any that defendant blocked it up by building a fence across it.

At the opening of the trial the attorney for the state, in answer to a question asked by the court, stated that the only question was

[1] Berry, J., because of illness, took no part in this case.

whether the land was a public highway; and thereupon defendant objected to the introduction of any evidence on the part of the state, on the ground that proceeding by indictment is not the proper way to try such an issue. There is no rule of law such as is suggested by the objection. A large part of the cases of indictments for obstructing highways have been cases in which the legal existence of the public right was disputed. The existence of such right is an element in the crime charged, which may and must be proved like any other fact necessary to constitute the offence. There was nothing in the objection. If the defendant acted in good faith, and in ignorance of the facts on which the public right was based, it might go to the question of intent; but the objection does not touch that question.

The witnesses who had lots abutting on or near the alleged street were competent to testify to admissions by Holmes, notwithstanding he was dead; for they were in no sense parties to the action, nor were they "interested in the event thereof," within the meaning of Gen. St. 1878, *c.* 73, § 8. They had no interest other than such as was had by any one of the public at large who might have property incidentally affected by the existence or non-existence of the street. Their interest was the same in kind, though it might differ in degree. They had nothing to gain or lose by the direct legal operation and effect of the judgment to be entered. *Marvin* v. *Dutcher,* 26 Minn. 391, (4 N. W. Rep. 685.)

Proof, in such a case, of any public work done on the land to make it passable as a street, or near the approaches to it to facilitate access to it, and the public use of it, is admissible, not to show an intent to dedicate, but to prove acceptance by the public. That the witnesses who testified to Holmes's acts and declarations, and the public use of the street, sought to buy the land from the owners, or that they signed, or circulated for signatures, a petition asking the village authorities to lay out a street over the land, might tend to show their opinion as to the legal effect of the facts, but has no tendency to impeach or impair the value of their testimony as to the facts.

Notwithstanding the ruling sustaining the objection to the witness Whitlock testifying to declarations of Holmes, he testified fully as

v.37M—17

to the declarations, so that the ruling, if erroneous, did no harm. If the jury believed what the testimony indicated, that Holmes intended to dedicate the land as a street, and with that intent authorized it to be opened to public use, and that the public thereupon and because thereof did use it as a street for a sufficient length of time, it was well made out that it was a street.

Order affirmed.

[1]Berry, J., because of illness, took no part in this case.