# Supreme Court of Judicature

#### OF THE

# STATE OF INDIANA,

### AT INDIANAPOLIS, NOVEMBER TERM, 1894, IN THE SEVENTY-NINTH YEAR OF THE STATE.

———————◆———————

### No. 17,379.

### THE CITY OF INDIANAPOLIS v. HIGGINS.

MUNICIPAL CORPORATION.—*Obstruction of Street a Crime.*—*Ordinance Covering Same Subject.*—The wrongful obstruction of a public street or sidewalk of a city is a misdemeanor punishable under the criminal law of the State, and a city can not enact an ordinance prescribing a penalty for any one who obstructs such street.

SAME.—*Crime.*—*Driving Across a Sidewalk.*—Any one driving on a sidewalk of a city, unless to cross it, is guilty of a misdemeanor under section 1964, R. S. 1881, and may be punished; and the city can not make, by ordinance, the same act a penal offense. (R. S. 1881, section 1640.)

SAME.—*Street or Sidewalk a Highway.*—A street or sidewalk of a city or town is a public highway, and the word "highway," used in a statute, includes streets and sidewalks, unless the statute itself indicates a different intention.

SAME.—*Meaning of the Word "Town."*—The word "town" is generic, and includes cities; and, as used in the constitution of the State, it has that meaning.

SAME.—*Statute Making it an Offense to Drive Over Sidewalk of a Town Includes a Sidewalk of a City.*—A statute making it an offense to

drive over the sidewalk of a "town," also makes it an offense to drive over the sidewalk of a "city," although the word city be not used therein.

From the Marion Circuit Court.

*J. E. Scott*, for appellant.

*B. K. Elliott* and *W. F. Elliott*, for appellee.

Monks, J.—This action was commenced by the city of Indianapolis to recover from appellee a penalty for a violation of an ordinance of said city. There was judgment against appellant in the circuit court.

It was charged in the complaint that the defendant had violated sections 59 and 66 of the ordinance by unlawfully driving a horse and vehicle thereto attached across and along an improved sidewalk of said city. Said section 59 of the ordinance is as follows:

"Section 59. It shall be unlawful to drive, lead or back any draft animal, or any vehicle thereto attached, across or along any improved sidewalk of this city."

Section 66 prescribes a penalty of fifty dollars for the violation of the ordinance.

It is contended by appellee that section 59 of said ordinance assumed to make punishable by the city an offense made a misdemeanor and punishable by the State under the act of March 9, 1867. Acts 1867, p. 194; R. S. 1881, sections 3361, 3362 (R. S. 1894, sections 4398, 4399), and therefore that section 59 of the ordinance was void by virtue of section 1640, R. S. 1881 (section 1709, R. S. 1894), which is as follows:

"Whenever any act is made a public offense against the State by any statute and the punishment prescribed therefor, such act shall not be made punishable by any ordinance of any incorporated city or town; and any ordinance to such effect shall be null and void, and all prosecutions for any such public offense as may be with-

The City of Indianapolis *v.* Higgins.

in the jurisdiction of the authorities of such incorporated cities or towns, by and before such authorities, shall be had under the State law only.''

The question, therefore, is:    Is the offense which the city assumes to prohibit by section 59 of the ordinance punishable as a misdemeanor by the State under the act of 1867?    If it is, this cause must be affirmed; if not, it must be reversed.

Appellant's contention is that the act of 1867, making it unlawful to drive upon any brick, stone, plank or gravel sidewalk, is applicable to sidewalks in towns and villages, and to walks along rural highways outside of towns and villages, and the said act has no application to sidewalks in cities.    The title and first section of the act of 1859 are as follows:

''An act for the protection of sidewalks in towns and villages, and for the preservation of shade trees planted along the same.

''Section 1.   Be it enacted by the General Assembly of the State of Indiana, That it shall. be unlawful for any person to ride or drive upon the brick, stone, plank or graveled sidewalks of any town or village in this State, where the street is forty feet or over in width, unless in the necessary act of crossing the same.''    Acts 1859, p. 185.

The title of the act of 1867, and section 1, as amended, is as follows:

''An act to amend the first section of an act entitled 'An act for the protection of sidewalks in towns and villages, and for the preservation of shade trees planted along the same, approved March 3, 1859, so as to protect sidewalks outside of towns and villages.

''Section 1.   That it shall be unlawful for any person to ride or drive upon the brick, stone, plank or .gravel sidewalk of any town or village, or upon any similar

sidewalk for the use of foot passengers, by the side of any public highway in this State, unless in the necessary act of crossing the same.'' Acts 1867, p. 194, R. S. 1881, section 3361 (R. S. 1894, section 4398) *supra.*

The last mentioned act was approved March 9, 1867, *supra.*

At the same session of the Legislature, a general act for the incorporation of cities was passed and approved March 14, 1867. Said act is entitled and contains the following provisions:

''An act to repeal all general laws now in force for the incorporation of cities and to provide for the incorporation of cities, prescribing their powers and rights and the manner in which they shall exercise the same, and to regulate such other matters as properly pertain thereto.

''Section 61. The common council shall have exclusive power over the streets, highways, alleys, and bridges within such city, and * to construct and establish sidewalks and crossings.'' Section 3161, R. S. 1881 (section 3623, R. S. 1894).

The common council shall have power to enforce ordinances:

''18th. To prevent the encumbering of streets, squares, sidewalks, and crossings with vehicles, or any other substance or materials whatever, interfering with the free use of the same.'' Section 3106, R. S. 1881 (section 3541, R. S. 1894).

''Section 56. The common council shall have power to * enforce the observance of all by-laws and ordinances by enacting penalties for their violation not exceeding one hundred dollars for any offense; which may be recovered in an action at law, with costs, as they may deem right and proper.'' Section 3155, R. S. 1881 (section 3616, R. S. 1894).

Appellant urges that by these sections of the statutes, the whole sovereign power of the State upon the subject of streets and sidewalks in cities was delegated to the city authorities, as it had been since 1852.   That it was the intent of the Legislature to exercise sovereign power of legislation for the protection of sidewalks for the smaller political subdivisions designated "towns," and in villages, and along the rural highways of the State outside of towns and villages, and to delegate to the larger political subdivisions designated "cities" the whole of its sovereign power of legislation with respect to streets, sidewalks, etc.   So far as the contention of appellant is based on the proposition that the Legislature has delegated exclusive control over streets to cities, and that therefore the act in question could not apply to cities, the same could be made with equal if not greater force that it does not apply to towns, for the reason that the power given to towns over streets is at least as great if not greater than that given to cities.   Sections 3333, 3346, 3367, R. S. 1881 (sections 4357, 4381, 4404, R. S. 1894).

We do not think that the Legislature, in granting the exclusive authority over the streets referred to by appellant, abridged its power to define and punish misdemeanors, nor did the Legislature thereby repeal or modify the statutes then in force, making acts relating to streets in towns or cities, crimes.   Notwithstanding this power over streets delegated to towns and cities, there are many cases where the Legislature has made acts, relating to streets in towns and cities, crimes—quite a number of these statutes have been in force since the taking effect of the Revised Statutes, 1852.   Among the number is the statute in regard to obstructing a public highway.   That statute provides that:   "Whoever shall

obstruct any public highway'' shall be fined or imprisoned. R. S. 1881, section 1964 (R. S. 1894, section 2047). No mention of street is made in the statute; the single word highway is used.

Under this statute prohibiting the obstruction of a highway, it has been held without a single exception that the obstruction of a street is an offense against the State.

The decision in the case of *Bybee* v. *State*, 94 Ind. 443, is in point. The defendant in that case was prosecuted for obstructing an alley in the city of Indianapolis, and the question whether the defendant was obstructing a highway came directly before the court. In the course of the opinion the court said: ''The question for decision is this: Does the evidence appearing in the record, and quoted in this opinion, show that the appellants, in maintaining the passageway described by the witness, over and across Eddy street in the city of Indianapolis, unlawfully and wrongfully obstructed a public highway in Marion county? We are of the opinion that this question must be answered in the affirmative. It has been repeatedly held by this court, that a public street is a public highway. *Common Council, etc.,* v. *Croas,* 7 Ind. 9; *State* v. *Berdetta,* 73 Ind. 185; *Sims* v. *City of Frankfort,* 79 Ind. 446. The obstruction of a public street wrongfully is, therefore, a misdemeanor, and is punishable, as such, under the provisions of the criminal law. Section 1964, R. S. 1881.''

The question was before the court in the case of *State* v. *Mathis,* 21 Ind. 277, and was directly decided.

We quote from the opinion the following: ''This information is said to be defective on two grounds: 1. Its caption does not state the county in which the prosecution was instituted. 2. It charges the obstruction of a public street instead of a public highway. The first

ground is untenable. See *Malone* v. *State*, 14 Ind. 220. A statement of the title of the court to which the information is presented is sufficient, without naming the county. 2 G. and H., pages 400, 403, 404; and, moreover, the offense is charged to have been committed in Bartholomew county. But *Malone* v. *State, supra,* is decisive, that the first ground of objection is not well taken. Nor is the second at all available. 'A public street in a town is a public highway.' *Conner* v. *New Albany,* 1 Blackf. 43 (45); *Common Council* v. *Croas,* 7 Ind. 9 (12)."

In *Boyer* v. *State,* 16 Ind. 451, the defendant obstructed a street and it was held that he was rightly convicted of violating the statute making it unlawful to obstruct the highway. The court said that the case was a prosecution for "obstructing a public highway," and quoted the statute to which we have referred.

The defendant, in *State* v. *Berdetta,* 73 Ind. 185, was prosecuted for obstructing a sidewalk in the city of Indianapolis by maintaining a fruit stand thereon and it was held that he was punishable under the law of the State. It was said: "A public street is a public highway, and a sidewalk is part of the street."

The court also referred to and approved the case of *Commonwealth* v. *Wentworth,* 1 Bright. Pa. 318, in which it was held that the obstruction of a sidewalk was a violation of the State law directed against the obstruction of highways. All the cases hold that obstructing a street or sidewalk is an offense punishable under the statutes of the State. The same rule is declared in other States. A statute making it a public nuisance to obstruct a highway applies to streets. *State* v. *Eisele,* 37 Minn. 256.

A statute making it unlawful for a railway company to obstruct a highway applies to streets. *Texas, etc., R. W. Co.* v. *Self,* 2 Texas Ct. of Appeals, section 439;

*Patalka, etc., R.* v. *State,* 32 Am. & Eng. R. R. Cases, 191, and cases cited in note.

Among the number in this State may also be found the following:

Stopping railroad trains on any street. R. S. 1881, section 2176, R. S. 1894, section 2297.

Running horses within the limits of any town or village, or shooting along or across any street thereof. R. S. 1881, section 2160, R. S. 1894, section 2281. This law has been held to include cities, although the word city is not used. *Flinn* v. *State,* 24 Ind. 286.

Obstructing street railway tracks. R. S. 1881, section 1960, R. S. 1894, section 2039.

Running traction engines over streets. Acts 1889, p. 40; R. S. 1894, sections 2044, 2046.

Cutting down or injuring trees on highways. R. S. 1881, section 1965, R. S. 1894, section 2048.

These are a few of the many cases in which the Legislature has provided that offenses relating to town and city highways shall be punished by the State and not by the municipalities.

Where the word town is used in these statutes, it is held to include cities, and when the word highway is used, it is held to include streets.

The word "town" is a generic term, including all municipal corporations, unless the context clearly and decisively indicates that in the particular statute the word is used in a narrower signification. The word town has a legal meaning, and the Legislature used it to mean what the court has decided it does mean.

In *Flinn* v. *State, supra,* the court, referring to the section of the statute which reads as follows: "Whoever * shoots at a mark, within the limits of any town or village, or along or across any street thereof," shall be fined, R. S. 1881, section 2160, R. S. 1694, section 2281,

*supra*, 1 G. & H. 405, held that the words "any town" included cities.

The court said: "That section makes such shooting in a 'town or village' a misdemeanor. It is urged that, Indianapolis being a city, the instruction was wrong. We are not of that opinion. The term 'town' is generic, comprehending cities. 1 Black. Com., by Chitty, 81–2."

The court said, in *State, ex rel.*, v. *Craig*, 132 Ind. 54: "The word 'town' is generic and includes cities."

In 1 Chitty's Blackstone, 81, 82, it is said: "The word town or village is, indeed, by the alteration of times and languages, become a generic term, comprehending under it the several species of cities, boroughs and common towns."

In the case of *State, ex rel.*, v. *Denny, Mayor*, 118 Ind. 449, 452, the court said: "The word town is generic, comprehending cities, so held in the case of *Flinn* v. *State*, 24 Ind. 286."

The same rule has been declared in other States. *State* v. *Glennon*, 3 R. I. 276; *State, ex rel.*, v. *Goldstucker*, 40 Wis. 124; *Murphy* v. *State*, 66 Miss. 46.

The constitution of Indiana assigns a meaning to the word "towns."

Section 6 of article 6 provides that "all county, town and township officers shall reside within their respective counties, townships or towns."

Section 8 of article 6 provides that "all State, county, township and town officers may be impeached or removed."

Subdivision 8 of section 22, article 4, reads thus: "Vacating roads, town plats, streets, alleys and public squares."

In every clause of the constitution the term town is used as comprehending cities. Not once is the term city

or cities employed. It is settled by a uniform course of judicial decisions, the word "towns" comprehends cities. By the constitution of the State, the word "towns" is used to comprehend cities. Every statute enacted by the Legislature respecting cities is founded on the constitutional provisions which use the word "town" or "towns." The whole body of our legislation, respecting cities, rests upon the constitutional provisions which employ the terms town or towns.

The amendatory act of 1867 certainly did not restrict the act of 1859; on the contrary, it enlarged it. But if there was no act of 1867, that of 1859 would include cities. The acts are to be construed *in pari materia* and thus construed, all the localities, urban and suburban, are embodied by them. There is no locality in the State upon which they do not operate. There may have been no necessity for the act of 1867, but however this may be, it is certain that in nothing does it weaken the act of 1859. And even if it were admitted that the act of 1859 did not apply to cities, this concession would be conclusive upon the proposition that the act of 1867 did apply to cities. If the act of 1859 did not apply to cities, then certainly the act of 1867 does, for it provides that it shall be unlawful for any person to ride or drive upon the sidewalk of any town or village, or upon the sidewalk for the use of foot passengers, by the side of any public highway in this State, etc. The object of the act of 1867 is declared in the title to be that the act of 1859 be amended "so as to protect sidewalks outside of towns and villages." A street is a highway, and if cities were not otherwise within the act of 1867, this would bring them within the act, because a sidewalk by the side of a street is by the side of a highway. The effect of the amendment of 1867 was to make it a misdemeanor to ride or drive upon any brick, stone, plank or gravel side-

walk in the State.    It is settled in this State that a street is a highway.    *White* v. *Chicago, etc., R. W. Co.*, 122 Ind. 317; *Debolt* v. *Carter*, 31 Ind. 355; *Cox* v. *Louisville, etc., R. W. Co.*, 48 Ind. 178; *State* v. *Moriarty*, 74 Ind. 103, and authorities cited *supra*.    The word highway has invariably been held to include streets unless the statute itself indicated a different intention.

The question here is not whether a person wrongfully driving across a sidewalk shall go unpunished, but whether such act is a violation of a statute; if it is, then he can only be punished under the provisions of such statute, and not for a violation of the ordinance.

We are of the opinion that the term *town*, used in the act of 1867, being sections 3361, 3362, R. S. 1881 (sections 4398, 4399, R. S. 1894) *supra*, is generic and comprehends cities.

Section 59 of the ordinance sued upon is, therefore, null and void under the provisions of section 1640, R. S. 1881 (section 1709, R. S. 1894, *supra*).

Sidewalks can be effectively protected under the provisions of the act of 1867, section 1964, R. S. 1881, section 2047, R. S. 1894, *supra*, and other laws of the State.

.Cases may be prosecuted by affidavit or indictment. Sections 1625, 1679, R. S. 1881 (sections 1694, 1748, R. S. 1894).

Judgment affirmed.

Filed April 9, 1895.