[No. 4991.]
[No. 2537 C. A.]

ADAMS ET AL. v. THE CHESAPEAKE OYSTER AND FISH COMPANY.

1. Cities and Towns—Ordinances—Injunction.

An injunction will not lie in favor of the proprietors of a restaurant to restrain the fire and police board and chief of police of a city from interfering with or prohibiting said proprietors from selling and serving liquors in their restaurant on Sundays, on the ground that the ordinances of the city under which

said city authorities sought to prohibit such sales did not apply to restaurants.

2.  Opinion Followed.

This cause is decided on the opinion in the case of The City of Denver v. Beede, 25 Colo. 172.

*Appeal from the District Court of Arapahoe County: Hon. P. L. Palmer, Judge.*

Mr. H. A. LINDSLEY, city attorney, and Mr. H. L. RITTER, for appellants.

Mr. MILTON SMITH, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court.

The complaint in this case alleges that the plaintiff is the owner of a restaurant at 1609-1615 Champa street and a saloon at 905 Sixteenth street, city of Denver, and is conducting a restaurant and saloon business in said premises respectively; that the amount of money invested in the premises is $50,000; that the saloon business is conducted under a license of the city of Denver; that under the saloon and restaurant is a basement in which liquors and supplies for the restaurant and saloon are stored; that in the conduct of its business plaintiff furnishes wines and other liquors to its restaurant from the saloon on week days and from the storeroom on Sundays; that the fire and police board of the city of Denver, through its chief of police, has at various times notified and commanded plaintiff to desist from furnishing liquors to its patrons in the restaurant on Sundays under threat of arrest on the alleged ground that such acts and conduct of plaintiff were in violation of sections 739 and 743 of ordinance No. 101 of the series of 1898 of the city of Denver; that for the purpose of ascertaining and investigating as to whether or not the orders of said police board were

being complied with, police officers in citizens clothes and uniform come upon the premises on the Sabbath, thereby causing trepidation and uneasiness among the patrons of the restaurant and thereby deterring people from patronizing said restaurant on the Sabbath; that by reason thereof great damage has been suffered to the extent of more than $200 each and every day; that unless the fire and police board and the chief of police are restrained from enforcing such orders and keep their officers away from said premises, the business of the plaintiff will be totally destroyed and the continual arrest of the officers of plaintiff would result in a multiplicity of actions and that plaintiff has no plain, speedy and adequate remedy at law; that the sections of the ordinances under which the arrests were threatened had no reference to the serving, furnishing or selling of liquor to the patrons of a restaurant, but refer only to the keeping open of what is known as a tippling house or saloon proper; that the provisions of said sections do not restrict the right to sell or serve liquors on the Sabbath, but only prohibit the keeping open on said day of any saloon, dram shop or tippling house.

Upon presentation of the complaint a temporary writ of injunction issued, restraining appellants from arresting or causing to be arrested or threatening to arrest any of the officers etc. or any of the patrons of plaintiff for any alleged violation of sections 739 and 743 of ordinance No. 101 of the series of 1898 of the city of Denver.

Appellants interposed a general demurrer to the bill and also moved to dissolve the writ, both of which being overruled they elected to stand upon the demurrer and judgment was rendered making the temporary writ perpetual, from which judgment an appeal was taken to the court of appeals.

This case, in the principles involved, is in all essentials identical with the case of *Denver v. Beede,* 25 Colo. 172.

In the Beede case an application for an injunction was made by the proprietor of a theater in the city of Denver alleging that he was giving Sunday performances in the same and unless he was able to give such Sunday performances it would ruin his business; that the ordinance making it unlawful to give Sunday performances, for the violation of which he was arrested and threatened with arrest, was invalid.

The grounds alleged for the injunction were, the invalidity of the ordinance, irreparable injury, prevention of a multiplicity of suits and that enforcement of the ordinance would ruin and destroy his business.

The only difference between the case at bar and the Beede case is the allegation to the effect that sections 739 and 743 of article XV of ordinance No. 101 did not prohibit the selling of liquor in restaurants on the Sabbath day. In other words, if we understand the pleading, it was to the effect that the plaintiff is not guilty of a violation of the sections of the ordinance under which it is threatened with arrest, and that there is no ordinance of the city of Denver which prohibits the selling of liquor in restaurants, grill rooms and hotels on the Sabbath day.

The law governing actions of this character has been announced by this court in *Denver v. Beede,* 25 Colo. 172, and affirmed in *Adams v. Cronin,* 29 Colo. 488.

There is nothing in the case at bar which in the least distinguishes it from the Beede case. It is not such an extreme or exceptional case as would warrant a court of equity in interfering by its writ of injunc-

tion with the municipal authorities in the enforcement of such ordinances.

The demurrer should have been sustained, for which reason the judgment will be reversed and judgment entered here dissolving the injunction and dismissing the action.                     *Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GUNTER concur.