## No. 12,006.

ARMSTRONG, SECRETARY OF STATE, ET AL. *v.* CRISSEY AND FOWLER LUMBER COMPANY, ET AL.

Decided December 23, 1927.

Action in mandamus.   Judgment for plaintiffs.

### *Affirmed.*

### *On Application for Supersedeas.*

1.   CONSTITUTIONAL LAW—*Motor Vehicles—License.*   Chapter 135, S. L. '27, concerning licensing of motor vehicles, in so far as it applies to trucks and trailers not operated for hire, declared unconstitutional.

*Error to the District Court of El Paso County, Hon. Wilbur M. Alter, Judge.*

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. RALPH CARR, Assistant, for plaintiffs in error.

Messrs. STRACHAN & HORN, Mr. L. LESLIE MYLES, for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court and we hereinafter refer to them as there.

Plaintiffs (forty-six corporations, firms and individuals) brought mandamus to compel the issuance to them of motor vehicle licenses for 1928 without the payment of increased fees required by chapter 135, Laws.1927. They had judgment and defendants bring error and ask that the writ be made a supersedeas. Both parties request final decision on this hearing.

Section 21, art. V, of the Colorado Constitution provides that the subject of a bill "shall be clearly expressed in its title." The 1927 Act is, by its title, limited to motor vehicles operated "for hire." The body of the act makes no such distinction as to trucks and trailers. Plaintiffs' vehicles are trucks and trailers and are not operated for hire; hence, so far as it applies to them, the act is unconstitutional. Regulation of such vehicles is not only not expressed in this title, "clearly" or otherwise, but is specifically excepted. Here is nothing to construe and citation is superfluous. The violation is as clear as language can make it. The Attorney General properly admits it. Further comment would confuse rather than clarify.

The judgment is affirmed.