## No. 12,068.

ARMSTRONG, SECRETARY OF STATE *v.* JOHNSON STORAGE AND MOVING COMPANY, ET AL.

Decided June 4, 1928. Rehearing denied June 25, 1928.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. RALPH L. CARR, Assistant, for plaintiff in error.

Mr. HARRY S. CLASS, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE DENISON delivered the opinion of the court.

JOHNSON brought mandamus against Armstrong, secretary of state, to compel the issue to him of a license for a motor truck upon payment of fees exclusive of those required by S. L. 1927, chapter 135. For simplicity we

treat the case as if there were but one plaintiff. The defendant demurred to the alternative writ, the demurrer was overruled, the defendant elected to stand, the writ was made permanent and the case comes here on error. We think the judgment must be reversed. The complaint pleads much law and many conclusions of law which the demurrer of course does not admit.

The act in question is as follows: "That, in order to properly exercise the police power of the state, beginning with the calendar year January 1, 1928, there shall be paid, in addition to the fees now required by law for the registration or re-registration of motor trucks and trailers operated [for hire] upon the public highways of this state, not under the Motor Vehicle Public Carrier Act, known as House Bill No. 430 of the 26th General Assembly, an annual registration license fee of twenty-five dollars ($25.00) for each such trucks or trailers having a carrying capacity of one ton, and the sum of fifteen dollars ($15.00) for every ton or major fraction thereof of carrying capacity over and above said one ton. That there shall be paid, in addition to the fees now required by law, for the registration or re-registration of motor vehicles used in the transportation of passengers for hire operated upon the public highways of this state, except such as are operating under the Motor Vehicle Public Carrier Act, known as House Bill No. 430 of the 26th General Assembly, an annual registration license fee of five dollars ($5.00) for each passenger seat in such vehicles at rated carrying capacity. That, beginning with the calendar year of 1928, all motor vehicles used in the transportation of freight or passengers for hire in interstate operations shall be registered in the state of Colorado, and there shall be paid, for the registration or re-registration of said motor vehicles the fees stipulated in this act for similar vehicles. All such additional fees to be collected, paid over and distributed at the same time and in the same manner as the license fees provided for by chapter 161, Session Laws of Colorado, 1919, and acts

amendatory thereof. *Provided, however,* that this act shall not apply to trucks or trailers owned by farmers and used by them in marketing and for general farm use, and not operating for hire; and provided further that all school busses shall be exempted from the provisions of this act when used for school purposes exclusively.''

The effect of *Armstrong v. Cressy, etc., Co.,* 83 Colo. 105, 262 Pac. 926, is to add the words ''for hire'' which we have inserted in·brackets.

Plaintiff's first proposition is that he is not within the terms of the act. He alleges that he ''is engaged in the business of transporting goods, wares and merchandise for hire over the streets of the City and County of Denver,'' and that he is the owner of a two-ton truck in use in his business, that he has applied to defendant for a license for it (the briefs say under the license act of 1919), and tendered the fees therefor, $17.50, that the tender and the license have been refused.

The streets of a city are highways of the state, Bouvier's Law Dict.; 29 C. J. 366; *Home T. & T. Co. v. Los Angeles,* 211 U. S. 265, 29 Sup. Ct. 50; *Denver v. Mt. States T. & T. Co.,* 67 Colo. 225, 232, 184 Pac. 604; *Indianapolis v. Higgins,* 141 Ind. 1, 40 N. E. 671, citing cases; *Bybee v. State,* 94 Ind. 443, 48 Am. Rep. 175; *N. W. Co. v. Minneapolis,* 81 Minn. 140, 152–155, 83 N. W. 527; *State v. Eisele,* 37 Minn. 256, 33 N. W. 785; *Brace v. N. Y. Cent. Co.,* 27 N. Y. 269, 275; *State v. Sheboygan,* 111 Wis. 23, 33, 86 N. W. 657; *Jones v. Andover,* 6 Pick. 58; *Com. v. Hubbard,* 24 Pick. 98, and plaintiff has therefore stated himself precisely within the terms of the act.

He argues that that part of the act which we have quoted is too indefinite to constitute a category and indeed is unintelligible and void; but when the words ''for hire'' are added as we have shown above we have a category clearly distinguished from and correlative to the two afterwards defined in the act, i. e., ''Motor vehicles used for the transportation of passengers for hire'' and motor vehicles used in interstate commerce. He says

that he cannot tell whether he is under chapter 135 or 134, which is House Bill No. 430 referred to in the act in question. He is not within the terms of chapter 134 because by section 7 thereof carriers "operating exclusively within the limits of an incorporated town or city" are excepted, and it appears in the petition that the defendants in error are within the exception.

He claims the act is void for indefiniteness. The act is not accurately drawn, but is not so indefinite as to be unintelligible and therefore is not void.

It is claimed that the act violates article 5 section 24 of our state Constitution, because it necessitates a reference to chapter 134 to determine what it means. But it is not true that such necessity is obnoxious to that section. The matter is settled by *Denver Circle R. Co. v. Nestor,* 10 Colo. 403, 15 Pac. 714. The opinion in *People v. Friederich,* 67 Colo. 69, 185 Pac. 657, must be restricted to the facts in that case.

It is claimed that chapter 135 violates the Twentieth Amendment and the Home Rule Amendment because it attempts to regulate the use of the streets of the city which by virtue of those amendments are under the city's exclusive control; but if this argument were sound the state could not license automobiles for use in the city at all, and so could not issue the license which the writ demands. If chapter 135 in question violates the Twentieth Amendment the license act of 1919 does. The real question, in the last analysis, is: Is the licensing of automobiles a matter of purely local concern? If it is, then the state cannot license and the mandamus to compel it must be denied; if it is not then chapter 135 is not in violation of the Twentieth Amendment and, unless the act is invalid for some other reason, the mandamus to compel the license without compliance with the terms of that chapter must be denied.

But we think there is no doubt of the right of the state to regulate the use of automobiles by license even though they never leave the city of Denver. Denver, so far as

we are informed, has not assumed the right to license automobiles used within her limits and until she does so the question of her power to do so is not before us.

Plaintiff claims that the fee is excessive, unreasonable and confiscatory, but he alleges no facts to show it. If he had alleged that value and those amounts we should have to take them as true. We think the mere statement that the tax is excessive, unreasonable and confiscatory is a, conclusion of law, not admitted by the demurrer. One general rule of pleading is that values and amounts should be specifically stated, and this is always required when they are of the substance of the action. And. Steph. Pl. (2d Ed.) § 198.

It is alleged that the act is void because, under cover of a regulatory license, it seeks to exact a tax solely for revenue, but the law requires the fee for license for a privilege, i. e., to use cars on the highway for transportation for hire, and so, even though one of its purposes is revenue, it is valid unless the fee is excessive, unreasonable or confiscatory. *Smallwood v. Jeter,* 42 Idaho, 169, 244 Pac. 149; *Ard v. People,* 66 Colo. 480, 182 Pac. 492. The decisions with reference to the power of municipal corporations are not conclusive with reference to the powers of the state.

Judgment reversed with directions to sustain the demurrer.