### No. 13,677.

WALKER ET AL. *v.* BEGOLE, MAYOR OF DENVER ET AL.
(63 P. [2d] 1224)

Decided December 14, 1936. Rehearing denied January 12, 1937.

472

Mr. Earl J. Hower, Mr. Glenn L. Daly, for plaintiffs in error.

Mr. James D. Parriott, Mr. Teller Ammons, Mr. Robert J. Kirschwing, for defendants in error.

*En Banc.*

Mr. Justice Burke, sitting for Mr. Chief Justice Campbell, delivered the opinion of the court.

Plaintiffs in error are hereinafter referred to as plaintiffs and defendants in error as the city.

Plaintiffs brought injunction to restrain the city from interfering with their business, from destroying or seizing their property, or threatening to do so. The temporary writ was denied and demurrers to the complaint and an amended complaint, for want of facts, sustained. Plaintiffs stood, and to review a judgment of dismissal they prosecute this writ. The five assignments amount to nothing more than an allegation of error in sustaining the demurrer.

The amended complaint recites, in substance: That plaintiffs own certain "pin-ball" machines, of the average value of $20, which they install in business and amusement places in Denver, the proceeds whereof are divided between themselves and the proprietors; that these machines are of some twenty-one varieties; that they are equipped with balls propelled by a plunger operated by the player; that there are holes on their surfaces into which it is the aim of the player to drive the balls; that the difficulty of this feat varies with the holes desired; that the balls are so confined that before a player can operate the machine he must release them by the deposit of a coin (whence the revenue); that the machines return nothing of value to the player; that the city has interfered, and threatens further to interfere, with the operation of the machines, to seize, confiscate and destroy them, to arrest the proprietors of places where they are operated, and has so induced some to dispense with their use. The only thing ordinary intelligence can spell out of this complaint, considering the law of this state, is that these are so-called "slot machines" which the city claims are kept and used as gambling devices, hence the threat. Can the city be enjoined?

This complaint is replete with legal conclusions.

For instance, in the fifth paragraph there are seventeen different assertions that certain things are "unlawful" and others "lawful." Plaintiffs' argument assumes, and in one instance states, that the demurrer admits these conclusions. The contrary is the law. *Armstrong v. Johnson S. & M. Co.,* 84 Colo. 142, 268 Pac. 978.

Section 6868, p. 1771, C. L. 1921, makes it the duty of the city, when it has knowledge that any person has in his possession any "gambling devices of any nature or kind, used or kept for the purpose of gambling" to seize same and take them before a magistrate; provides that a hearing be there had and evidence taken, and if the magistrate thereby ascertains such to be the character and use of the devices, he is directed to destroy them and hold the possessors to the district court. This is the identical statute which was before us in *Kite v. People,* 32 Colo. 5, 74 Pac. 886. We there sustained it against the objections then raised, held that the proceeding outlined was one in rem, and that the actual knowledge of a qualified owner of the use to which the device (a roulette wheel) was put was immaterial. Of course we take judicial notice of this statute as construed, and its applicability, and, in the absence of clear allegations to the contrary, the presumption is that the city is acting under it.

Our attention is called to the allegation that these machines, by their plan and construction, pay nothing, but that is no criterion. They may still be "used or kept for the purpose of gambling," with the connivance and knowledge, and to the profit, of their owners.

The general rule is that injunction will not be granted to stay criminal, or quasi-criminal, proceedings. An exception exists where there is a direct invasion of property rights, resulting in irreparable injury, and the statute in question is unconstitutional. But if either element is wanting the rule applies. 32 C. J., p. 279, §443.

The statutory procedure outlined does not deny due process. 81 A. L. R. 730.

Even if it appeared the city was acting under a

mere ordinance which plaintiffs contended was inapplicable, or even unconstitutional, injunction probably would not lie. *Adams v. Chesapeake O. & F. Co.*, 34 Colo. 219, 83 Pac. 215.

Assuming, but not deciding, that irreparable injury is here pleaded, such is often the natural and inevitable result of the enforcement of penal statutes. There is here no claim that the city is acting under an unconstitutional statute. It may be a great hardship to one charged with grand larceny that he be arrested, imprisoned, put to the annoyance, publicity, disgrace and expense of a long trial, and the further expense and delay incident to prosecuting error to this court, when his contention is that the statute upon which the information rests is unconstitutional. He cannot, however, shortcut to the point by injunction against the district attorney.

It is further suggested that the writ is here necessary and justified on the ground of prevention of a multiplicity of suits. But one who operates twenty "speakeasies," and who in consequence has twenty indictments returned against him, may not try the whole in one by injunction merely to prevent a multiplicity of suits.

Plaintiffs rely most strongly upon *Canon City v. Manning*, 43 Colo. 144, 95 Pac. 537. But the injunction there sought was to prevent the city from proceeding against plaintiffs and their property "except by some regular form of judicial proceeding in a court of competent jurisdiction," whereas here it is such judicial proceeding which these plaintiffs seek to enjoin. There the city was acting under an ordinance which the court held afforded plaintiffs no opportunity to be heard, and only its extra-judicial enforcement was enjoined. *Packard v. Banton*, 264 U. S. 140, 44 Sup. Ct. 257, and *Truax v. Raich*, 239 U. S. 33, 36 Sup. Ct. 7, and others, involve unconstitutional statutes.

In *Mills Novelty Co. v. Farrell*, 3 F. Supp. 555, the court said: "To grant the relief prayed for would not prevent the defendant from seizing * * * any * * * machine

illegally operated and arresting any person in possession of such a machine." Here it certainly would.

In *Platte and Denver C. & M. Co. v. Lee, Mayor,* 2 Colo. App. 184, 29 Pac. 1036, all the essential elements justifying injunction appeared. City ordinances under which Denver was proceeding were set out, their illegality established, and it was shown that but for the protection of the writ valuable property rights would be invaded and plaintiff would be subjected to illegal daily fines of from $50 to $100.

The law in this jurisdiction, and controlling in this case, is well set forth in *Denver v. Beede,* 25 Colo. 172, 54 Pac. 624. Therefrom it appears that plaintiffs may have determined all questions which they here seek to raise in any case where one of the machines is seized and evidence is taken to determine the right and duty of the city to destroy it; or in any case where one of their lessees is prosecuted for operating, and that in such a situation injunction does not lie.

In our opinion general principles everywhere recognized, plus our own decisions, dispose of the questions here raised. We can scarcely be expected to diagnose, explain, differentiate and reconcile the 105 cases, and other authorities, cited in the brief of counsel for plaintiffs. Of these 37 are cited without comment, in support of a statement containing seven points. Usually they apply to but one. Many are not applicable. Several of the cases cited are from nisi prius courts and so far as we have been able to determine have never been reviewed.

The demurrer was properly sustained and the judgment is accordingly affirmed.

MR. JUSTICE BUTLER, MR. JUSTICE BOUCK and MR. JUSTICE HOLLAND concur in the conclusion.

MR. JUSTICE BOUCK, specially concurring.

I concur in the judgment of affirmance, but solely on the ground that the allegations of the complaint do not

make out a case for injunctive relief. The plaintiffs set forth that irreparable damage and multiplicity of actions will ensue unless the city authorities are restrained. The very facts alleged to establish this claim emphasize the total lack of merit in both contentions. This court should simply so declare.