JOHN LESTER WALLACK, Appellant, *v.* THE SOCIETY FOR THE REFORMATION OF JUVENILE DELINQUENTS IN THE CITY OF NEW YORK, Respondent.

The court will not sustain an action to restrain a prosecution to recover a penalty imposed by statute, on the ground of the invalidity of the statute, at least until its invalidity has been determined in a previous action.

Nor can an action to restrain such prosecution be sustained as a bill of peace, where the plaintiff brings it in his own behalf, and not also in behalf of others claiming the same right.

So, also, a court of equity will not issue an injunction restraining defendant from applying to such court for equitable relief in the same matter; especially where such relief is expressly authorized by a statute, the validity of which has not been judicially questioned.

Accordingly *held*, that even assuming the unconstitutionality of the act of 1872, "regulating places of amusement in the city of New York" (chap. 836, Laws of 1872), plaintiff, a theatrical manager, could not maintain an action to restrain defendant, "The Society for the Reformation of Juvenile Delinquents," etc., from suing for the penalty imposed by said act upon any person exhibiting a dramatic exhibition without a license, or from enjoining such an exhibition.

(Argued June 16, 1876; decided September 19, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of defendant, entered upon an order sustaining a demurrer to plaintiff's complaint.

The complaint alleged in substance, that plaintiff was engaged in the business of conducting and managing a place of public amusement in the city of New York, known as Wallack's theatre, where public dramatic performances were exhibited. That under and by color of the provisions of chapter 836 of the Laws of this State, passed in the year 1872 (which provisions plaintiff averred were illegal, void, and unconstitutional), the defendant, "The Society for the Reformation of Juvenile Delinquents" pretends and claims that plaintiff, before managing and conducting said place of amusement, on and after the 1st day of May, 1874, shall apply for and

receive from the mayor of the city of New York (as and for the act of the other defendant, the mayor, aldermen, and commonalty of the city of New York) a license, as required by said act, and under penalty after refusal or neglect to take out said license and pay said fee, of being sued by said society to recover $100 for each dramatic performance in plaintiff's said place of public amusement, and that the said defendant threatens the legal proceedings against plaintiff mentioned in section 8 of said chapter 836 of the Laws of 1872, to restrain and prevent the exercise of plaintiff's business, and is about immediately to institute legal proceedings unless the license aforesaid be applied for and obtained. That to sue plaintiff for the penalties aforesaid, and to shut up by legal proceedings plaintiff's place of amusement aforesaid for one or several nights or times, would greatly and irremediably injure the good-will and present profits of plaintiff's said private business and place of amusement aforesaid, and cause him great damage.

Plaintiff asked judgment, "perpetually enjoining and restraining the defendants, and each of them, and their and each of their attorneys, agents, and servants from beginning or prosecuting against the plaintiff any of the proceedings which are provided by any of the sections of chapter 836 of the Laws of 1872 of this State, hereinabove referred to, and restraining them from enforcing or imposing, or attempting to inforce or impose, any penalty or penalties against the plaintiff under or by color of any of the provisions of said chapter, by suit or otherwise, and from applying for any injunction to restrain the plaintiff from conducting or carrying on the said business and place of amusement for performances as hereinabove mentioned, and that, meantime and during the pendency of this action, the defendants be enjoined and restrained in manner aforesaid, by the order of this court."

*A. Oakey Hall* for the appellant. Coercing fees for a license by the State upon a business is a process convertible with that of taxation. (*License Tax Cases*, 5 Wal., 462.) This right can only be used for an object which is within the

purpose for which governments are established. (*Loan Assn.* v. *Topeka,* 20 Wal., 656 ; *Calder* v. *Bull,* 3 Dallas, 388 ; *Street* v. *Hurlburt,* 51 Barb., 318 ; *N. Y. Passenger Cases,* 7 How. [U. S.], 523 ; *Cooley* v. *Port Wardens,* 12 id., 313 ; *Speer* v. *School Directors,* 50 Penn., 150 ; *Com'l Bk.* v. *City of Iola,* 2 Dil., 359.) If a tax is not for a public purpose, although it passes through the hands of a public officer, it is unconstitutional. (*Sharpless* v. *Mayor, etc.,* 21 Penn., 169 ; 2 Hoff. Laws., 164–171.) The remedy of action for an injunction was proper. (*Wood* v. *Brooklyn,* 14 Barb., 425 ; *Sweet* v. *Hurlburt,* 51 id., 319.)

*Edmund Randolph Robinson* for the respondent. There was no equity to warrant an injunction. (*McGuire* v. *Palmer,* 5 Rob., 607 ; *Bean* v. *Pettengill,* 2 Abb. Pr. [N. S.], 59 ; *Seeback* v. *McDonald,* 11 Abb. Pr., 95 ; *Wolfe* v. *Burke,* 56 N. Y., 115 ; *Snedeker* v. *Pearson,* 2 Barb. Ch., 107 ; *N. Y. Dry Dock Company* v. *Am. Trust Co.,* 11 Paige, 384; Story's Eq. Jur., § 825 ; *West* v. *Mayor, etc.,* 10 Paige, 539 ; *Fire Dept. Cases,* 3 E. D. S., 440.) Chapter 836, Laws of 1872, is constitutional. (3 E. D. S., 440, 453, 460; 6 T. & C., 310 ; 2 R. S. [4th ed.], §§ 8, 11 ; Const., art. 4, § 2, sub. 1 ; *People ex rel. Har. R. R. Co.* v. *Mayor, etc.,* 47 How. Pr., 494 ; *Met. Bd. of Excise* v. *Barrie,* 34 N. Y., 668.) The act is valid, even if the use be private. (1 Kent's Com., 441 *Grant* v. *Courter,* 24 Barb., 232; *Cochran* v. *Van Surlay,* 20 Wend., 381; *Guilford* v. *Suprs.,* 3 Kern., 144 ; *Wynehamer* v. *People,* id., 378, 430, 453, 476, 477 ; *Township of Pine Grove* v. *Talcott,* 19 Wal., 666 ; *People* v. *Flagg,* 46 N. Y., 404 ; *Thomas* v. *Leland,* 24 Wend., 65 ; *People* v. *Mayor,* 4 N. Y., 420 ; *Brewster* v. *Syracuse,* 19 id., 116 ; *In re Trustees N. Y. P. E. School,* 31 id., 582, 583 ; *Darlington* v. *Mayor, etc.,* id., 190 ; *Howell* v. *Buffalo,* 37 id., 267 ; *Litchfield* v. *Vernon,* 41 id., 123 ; *People* v. *Lawrence,* id., 137 ; *Guilford* v. *Suprs.,* 3 Kern., 143 ; *State* v. *Tappen,* 29 Wis., 664 ; *McCulloch* v. *Maryland,* 4 Wheat., 428 ; *Prov. Bk.* v. *Billings,* 4 Pet., 563.) The use is public. (*Sharples* v.

*Mayor, etc.*, 21 Penn. St., 147 ; *Spier* v. *School Directors*, 50 Penn., 150, 160; 59 Me., 517; *Brodhead* v. *City of Milwaukee*, 19 Wis., 652 ; *Booth* v. *Woodbury*, 32 Conn., 128; *Curtis* v. *Whipple*, 24 Wis., 355 ; *Olcott* v. *Suprs.*, 16 Wal., 667, 678 ; *Town of Queensbury* v. *Culver*, 19 id., 83, 666, 676, 677 ; *Lowell* v. *Oliver*, 8 Al., 247 ; *Freeland* v. *Hastings*, 10 id,, 571; *Helbish* v. *Catterman*, 64 Penn., 154; *Merrick* v. *Amherst*, 12 Al., 500 ; 58 Me., 590 ; *Allen* v. *Jay*, 60 id., 124 ; *Bank* v. *Iola*, 2 Dil., 353 ; *Citizens' Svgs. Assn.* v. *Topeka*, 11 Alb. L. J., 172 ; *Thompson* v. *Pittston*, 59 Me., 545 ; *Tyson* v. *School Directors*, 51 Penn., 9 ; *Kelly* v. *Marshall*, 69 Penn. St., 319 ; *Lowell* v. *Boston*, 111 Mass., 454; *People* v. *Salem*, 20 Mich., 452; *Hanson* v. *Vernon*, 27 Iowa, 28 ; *Whiting* v. *Sheboygan*, 25 Wis., 167 ; *Sweet* v. *Hurlbert*, 51 Barb., 516 ; *People* v. *Mitchell*, 35 N. Y., 551 ; *Clark* v. *Rochester*, 28 id., 605 ; *Gould* v. *Venice*, 29 Barb., 442 ; *Walker* v. *Cincinnati*, 21 Ohio [N. S.], 14 ; Cooley's Const. Lim., 164, 168, *n ;* 27 Iowa, 81.) The legislature can constitutionally tax or impose license fees upon any trade, profession or business carried on in the State and enforce payment by penalties, or by prohibiting the exercise thereof until the tax or license is paid. (*Prov. Bk.* v. *Billings*, 4 Pet., 514; *License Tax Cases*, 5 Wal., 462, 475 ; *Svgs. Bk. Cases*, 6 id., 611; *Nathan* v. *Louisiana*, 8 How. [U. S.], 73 ; *State* v. *Waples*, 12 La. An., 343 ; *State* v. *Fellowes*, id., 344 ; *Egan* v. *County Court*, 3 Har. & McH., 169 ; *Simmons* v. *State*, 12 Mo., 268 ; *State* v. *Gazlay*, 5 Ham. [Ohio], 14 ; *Lent's Case*, 6 Greenl., 412 ; *Durack's Appeal*, 62 Penn. St., 491 ; *Ingersoll* v. *Skinner*, 1 Den., 540 ; *People* v. *Coleman*, 4 Cal., 46 ; *Raquet* v. *Wade*, 4 Ham., 107 ; *State* v. *Stephens*, 4 Tex., 137; 9 id., 369 ; *The Germania* v. *State*, 7 Md., 1 ; *Boston* v. *Schaffer*, 9 Pick., 415; *City of New Orleans* v. *North*, 12 La. An., 205 ; *Rowland* v. *Kleber*, 1 Pittsb., 68 ; *Fire Dept.* v. *Noble*, 3 E. D. S., 452 ; *Ingersoll* v. *Skinner*, 1 Den., 540 ; *People* v. *Lawrence*, 41 N. Y., 137.) The act was valid as a police regulation. (34 N. Y., 657; 5 How. [U. S.], 589 ; 12 id., 299 ; *State* v. *Almond*, 2 Houst. [Del.],

612; *Com.* v. *Stodder*, 2 Cush., 562; *Nightingale's Case*, 11 Pick., 168; *Village of Buffalo* v. *Webster*, 10 Wend., 99; *Bush* v. *Seabury*, 8 J. R., 418; *Slaughter-house Cases*, 16 Wal., 62; *Comm.* v. *Cotton*, 8 Gray, 488; *Tanner* v. *Albion*, 5 Hill, 121.)

ANDREWS, J. The act, chapter 836 of the Laws of 1872, entitled "An act to regulate places of amusement in the city of New York," makes it unlawful to exhibit to the public in any place within the city, a dramatic or other exhibition mentioned in the act, until a license therefor shall have been obtained from the mayor, who is authorized to grant such license on the payment of a specified fee. The act directs that license fees received by the mayor under the act shall be paid over by him to the treasurer of the defendant, The Society for the Reformation of Juvenile Delinquents, in the city of New York, for the use of the society. (§§ 4, 5.)

The second section subjects a person offending against the act to a penalty for each unlicensed exhibition, and authorizes the defendant to sue for and recover the penalty for the use of the society, in the name of the people. The eighth section provides that, in case any person shall open, or advertise to open, any theater or other place for any exhibition for which, by the act, a license is required, without having first obtained it, it shall be lawful for the society to apply to the Supreme Court, or any justice thereof, for an injunction to restrain the opening thereof until he shall have complied with the requisitions of the act in obtaining a license, which injunction the section declares may be allowed upon a complaint in the name of the society, and in the same manner as injunctions are now usually allowed by the practice of the court.

The plaintiff is the manager of a theater in the city of New York, in which dramatic representations are given, for which, under the act, a license is required. He alleges in his complaint that the act of 1872 is unconstitutional, and that the defendant threatens to take legal proceedings under the eighth section to restrain him from prosecuting his business, and is about to institute them, unless he obtains the license required

by the act. He avers that to sue him for penalties, and to shut up by legal proceedings his place of amusement for one or several times, would greatly and irremediably injure the good will and present profits of his business, and cause him great damage. The relief demanded is that a perpetual injunction issue, restraining the defendant from beginning or prosecuting against the defendant any suit for penalties given by the act, or from applying for an injunction under the eighth section. It is not expressly alleged that the plaintiff is conducting the theater without having obtained a license, but this is implied in the allegations made, and unless the fact is assumed, the plaintiff has no standing in court. The ground upon which the unconstitutionality of the act of 1872 is claimed, is not set out in the complaint, but was stated upon the argument to be, that the license fee required to be paid is, in substance, a tax imposed upon the persons engaged in giving the public exhibitions mentioned in the act, for the benefit of The Society for the Reformation of Juvenile Delinquents, a a private corporation, and for a private and not a public purpose, and that the law imposing it is an unauthorized exercise by the legislature of the power of taxation.

We are not at liberty to enter into the consideration of the general question of the validity of the legislation in question. We are precluded from doing so by the objection taken *in limine* by the defendant, and which is fatal to the plaintiff's action, that assuming the unconstitutionality of the act of 1872, the plaintiff is not, upon the facts stated in the complaint, entitled to an injunction. The general rule is that the court will not restrain a prosecution at law, when the question is the same at law and in equity. (*Wolfe* v. *Burke*, 56 N. Y., 118.) An exception exists where an injunction is necessary to protect a defendant from oppressive and vexatious litigation. But the court acts in such cases by granting an injunction only after the controverted right has been determined in favor of the defendant in a previous action. On this ground the Chancellor in *West* v. *The Mayor* (10 Paige, 539) dissolved a temporary injunction restraining the defendant from prosecuting suits against the

complainant for violation of a corporation ordinance claimed to be invalid.

The unconstitutionality of the act of 1872 would be a perfect defence to a prosecution for the penalties given by it, and the question as to the constitutionality of the act has not been determined. It would, doubtless, be convenient for the plaintiff to have the judgment of the court upon the constitutionality of the act before subjecting himself to liability for accumulated penalties. But this is not a ground for equitable interference, and to make it a ground of jurisdiction in such cases would, in the general result, encourage, rather than restrain, litigation. Nor can the prosecution for the penalties be restrained in this action, on the ground that it is a suit in the nature of a bill of peace. The plaintiff does not bring it in behalf of himself and others claiming the same right. It does not appear that the validity of the law is questioned by any other person. The judgment in the action would only bind the parties to it. (*Eldredge* v. *Hill*, 2 J. Ch.; 281.)

The plaintiff also asks for an injunction restraining the defendant from applying for an injunction under the eighth section of the act. The case of *Wolfe* v. *Burke* (*supra*) is a decisive answer to this part of the prayer of the complaint. The act expressly gives the right to the defendant to make the application. If for any reason an injunction ought not to be granted on such an application, it can not be assumed that it would be. It would be an anomaly for a court of equity to issue an injunction restraining the defendant from applying to the same court for equitable relief in the same matter, and especially when it is authorized by the express terms of a statute, the validity of which has not been judicially questioned.

We do not wish to be understood as expressing any doubt of the validity of the law of 1872. We simply leave that question undetermined, and dispose of the case on the question here considered.

The judgment should be affirmed.

All concur.

Judgment affirmed.