GEORGE G. SICKLES, APPELLANT, *v.* THE NEW ROCHELLE BOARD OF HEALTH, RESPONDENT.

*Injunction — when not granted to restrain the enforcement of ordinances by a board of health.*

In this action, brought by the plaintiff to enjoin the defendant, the New Rochelle Board of Health, from interfering with the lands or premises of the

plaintiff, and from bringing actions against him for violating its ordinances, the complaint alleged that the defendant had notified him to discontinue the discharge of the contents of drains from his houses into a ditch or water-course in the rear of his premises, and had required him to construct cess-pools ; that the acts complained of were not a nuisance, and that it was not necessary to construct the cess-pools.

*Held*, that an order sustaining a demurrer interposed to the complaint should be affirmed, as the complaint set forth no cause for equitable relief

That so far as the action sought to restrain the imposition of a fine or penalty, the illegality of the defendant's acts would furnish a complete defense at law.

That if it were considered as brought to restrain a trespass, it was not a proper case for an injunction, as the legality of the acts of the board could be determined in an action in trespass.

APPEAL from a judgment, entered in Westchester county upon an order sustaining a demurrer to the complaint.

*W. H. H. Russell*, for the appellant.

*Charles H. Young*, for the respondent.

CULLEN, J :

This is an action to enjoin the defendant from interfering with the lands or premises of the plaintiff, and from suing the plaintiff for violating its ordinance.

The defendant notified the plaintiff to discontinue the discharge of drains from his houses into a ditch or water-course in the rear, and to construct a cess-pool. The complaint alleges that the acts complained of are not a nuisance, and that the cess-pool is unnecessary. The defendant's demurrer to this complaint was sustained at Special Term, and from the order there made this appeal is taken. We think that the complaint set forth no right to equitable relief. So far as this action seeks to restrain the imposition of a fine or penalty, it should not be maintained, because if the defendant's acts are illegal, the plaintiff has a complete defense at law to any suit to enforce the penalty. ( *Wallack* v. *Juvenile Society*, 67 N. Y., 23.) If the action is to be considered as also seeking to restrain a trespass by defendant (which is very doubtful), still it is not a proper case for injunction. By the statute the duty is imposed on the defendant to examine any place or premises where nuisances or conditions dangerous to life or health are known or believed to exist, and to order the suppression and removal of such nuisances or con-

ditions, and to make all orders and regulations as they shall think necessary and proper for the preservation of life and health. (Chap. 270, Laws 1885.) The matter of drains and cess-pools is properly within the cognizance of the board of health. The subject-matter being within their jurisdiction, it is not proper that their action should be restrained, and the question first tried in equity, whether the thing complained of is a nuisance. If the board proceed without authority or irregularity (though in what respect these irregularities exist is not stated in the complaint), the plaintiff has a complete remedy by a suit in trespass. No ground of equitable relief in this aspect of the case is shown.

The order sustaining the demurrer should be affirmed, with costs.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Order sustaining demurrer to complaint and judgment therein affirmed.