[No. 3724.]

THE CITY OF DENVER ET AL. V. BEEDE.

1. INJUNCTION—PROSECUTION AT LAW.

A court of equity will not, by injunction, restrain a prosecution at law when the question is the same at law as in equity, except where it is necessary to protect a party from oppressive and vexatious litigation, and then only after the controverted right has been determined in a previous action, in favor of the party applying for the injunction.

2. INJUNCTION—PROSECUTION—VIOLATION OF ORDINANCE.

An injunction will not issue to restrain a prosecution for violation of a city ordinance on the ground that the ordinance is invalid, as the invalidity of the ordinance may be presented as a defense to the prosecution.

3. SAME.

A prosecution for violating a city ordinance will not be enjoined on the ground of irreparable injury or to prevent a multiplicity of suits, unless it clearly appears by the allegations of the complaint that such would be the result of the prosecution. A court of equity will not assume that the court before whom the prosecution is had will sustain the ordinance if invalid; nor that the city officers will continue to harass the defendant with further arrests if acquitted on that ground.

*Appeal from the District Court of Arapahoe County.*

BRIEFLY, from the bill filed by appellee in the court below, it appears that he is the proprietor of a theatre in the city of Denver, known as the Orpheum, in which he holds Sunday performances without which, it is alleged, he cannot successfully conduct his business; that the city has passed an ordinance subjecting to a fine those conducting Sunday theatrical performances similar to his. It is averred that this ordinance

is invalid, and that the police authorities of the city have arrested him for violation thereof, and threaten, in the event further Sunday performances are given in his theatre, to continue to arrest him and his employees engaged therein, the result of which, he alleges, will be to cause him irreparable injury.

On presentation of the bill a temporary injunction was issued, restraining appellants from arresting or interfering with appellee or his employees engaged in the conduct and management of his theatre on Sunday. Appellants interposed a general demurrer to the bill, and motion to dissolve the writ, both of which were overruled; and having elected to stand by their demurrer, the temporary injunction was made permanent, from which judgment appellants have appealed to this court.

Mr. F. A. WILLIAMS, Mr. GEORGE Q. RICHMOND, and Mr. GEORGE C. NORRIS, city attorney, for appellants.

Mr. A. B. SEAMAN and Mr. LUCIUS WEINSCHENK, for appellee.

MR. JUSTICE GABBERT delivered the opinion of the court.

Two questions are urged by appellants in support of their position that the judgment should be reversed. *First*, insufficiency of the bill; *second*, that the ordinance in question is valid. The first question to determine, even though the ordinance may be illegal, as charged, is the sufficiency of the bill, upon which to predicate the judgment rendered; because, if this should be resolved in favor of appellants, the validity of the ordinance would not be involved, and it would be unnecessary, as well as improper, to pass upon that question, as it would not be presented for determination in this case.

The fundamental doctrine upon which the power of a court of equity rests, is, that it proceeds only when there is no

plain, adequate and complete remedy in the law courts of which the party invoking its aid can avail himself. This principle is too elementary to require the citation of any authority in its support, and the real question is, has the appellee, according to the averments of his bill, a legal remedy which is adequate and sufficient for the protection of his rights? A court of equity will not restrain a prosecution at law when the question is the same at law as in equity. *Wallack v. Society*, 67 N. Y. 23. An exception to this rule exists where an injunction is necessary to protect a party from oppressive and vexatious litigation, but in such cases the court only acts by granting an injunction after the controverted right has been determined in a previous action in favor of the party applying for such relief. Ibid. Appellee admits that he has violated this ordinance, and inferentially avers his intention of doing so in the future, but rests his right to the judgment rendered upon the ground that the ordinance is invalid, and if the executive officers of the city are not restrained from prosecuting him and his employees for such violation, he will suffer irreparable injury. If the ordinance is valid, then he cannot complain if he is successfully prosecuted for its violation, no matter what the result may be to his business. If invalid, that is a defense which he can interpose in the court where originally prosecuted for such violation, or in which such causes may be tried on appeal or error. The legality or illegality of the ordinance is purely a question of law, which it is competent for a court at law to decide. We cannot assume that the courts in which the validity of the ordinance is presented will not decide this question correctly; nor are we advised what was the result of the trial of the cause in which he was arrested, as alleged in his bill, or that he has availed himself in that action of the defense based upon the illegality of the ordinance. The legal presumption is, that every court will decide questions presented for its determination properly, and conduct proceedings before them fairly and impartially, *Wolfe v. Burke*, 56 N. Y. 115, so that it is at once apparent that the main

question upon which appellee relies, namely, the invalidity of the ordinance, can be presented and determined in any action which may be instituted against him for the violation of this ordinance; and as the law is well settled, by numerous well considered cases, that, as a general rule, a bill in equity will not lie to restrain prosecutions under a municipal ordinance upon the mere ground of its alleged illegality, for the obvious reason that the party prosecuted thereunder has a complete remedy at law, because he can avail himself of such illegality as a legal defense in prosecutions thereunder, *Poyer v. Village of Des Plaines*, 20 Ill. App. 30; *Levy v. City of Shreveport*, 27 La. 620; Dillon's Municipal Corporations, §§ 906, 908 *n*; High on Injunctions, § 1244, it follows that the averment in the bill of appellee, that the ordinance of which he complains is invalid, is not, of itself, sufficient to entitle him to the relief granted by the lower court.

It is urged by appellee that two other questions are involved which, in connection with the alleged invalidity of the ordinance, namely, irreparable injury and to prevent a multiplicity of suits, are sufficient to permit the judgment to stand. What is meant by the expression "irreparable injury," is clearly and concisely stated by our court of appeals in the recent case of *Wason v. Major*, 10 Colo. App. 181, where Judge Wilson, in speaking for the court, says: "In order to constitute irreparable injury within the meaning of the law, the threatening of which would justify a court of equity in exercising its extraordinary power of injunction, it must clearly appear not only that the wronged party could not be compensated in damages therefor, but, also, that the injury would follow if the court did not so interpose." As before suggested, if the ordinance is invalid, we cannot assume that the court in which appellee may be tried for its violation will not so hold, if this question is presented; nor can we presume that if he is acquitted upon this ground, the officers of the city will continue to harass him with further arrests; so that, if his own contention be true, he is in no

danger of suffering the irreparable injury of which he complains; nor would he, under such circumstances, be subjected to a multiplicity of suits. It would, doubtless, be convenient for appellee to have the judgment of the court upon the validity of the ordinance, before subjecting himself to liability for accumulated penalties; but if arrested and convicted, and he chooses to take the chances of ultimately defeating the ordinance upon the ground of its invalidity, that is no ground for equitable interference. *Wallack v. Society, supra.* There are cases in which a municipality will be restrained in equity, from the enforcement of its ordinances, but an examination of the carefully considered cases on this subject leads us to the conclusion, that the weight of authority is that the interposition of a court of equity can only be invoked in such cases clearly within the well-recognized equitable rule above announced; and assuming, but not deciding, that according to the averments of the bill, the ordinance in question is illegal, the other elements necessary to entitle appellee to an injunction in this case are absent, and the demurrer to the bill should have been sustained.

The fallacy of granting a writ of injunction in cases of this character on the facts detailed by appellee in his bill, is quite evident. If the question of the validity of the ordinance was before us, for determination, and we should decide in favor of its legality, yet notwithstanding appellee admits its violation, no judgment could be pronounced or directed against him therefor in this case, and hence the necessity of applying the rule strictly, that equity will not interfere with the prosecution of actions at law, except in cases where the applicant for such relief brings himself clearly within its purview. The object of ordinances, imposing penalties for specific acts, is to protect and preserve the peace and good order of the corporate community, as criminal proceedings are intended for the preservation of the peace and dignity of the state; and if every offender against such ordinances could invoke the interposition of a court of equity against their enforcement, by charging illegality, or by multiplying his of-

fenses, municipal authorities would be paralyzed in discharging the public duties intrusted to them.   This is clearly an attempt to extend the writ of injunction beyond its scope and intent, and through this process, prevent the city from invoking the aid of competent tribunals to enforce this ordinance in the usual way, which, if permitted on the showing made, would be an abuse of that writ regarding which Chancellor Kent, in *Attorney General v. Utica Ins. Co.*, 2 Johns. Ch. 371, has aptly said: "Nor ought the process of injunction to be applied but with the utmost caution.   It is the strong arm of the court; and to render its operation benign and useful it must be exercised with great discretion and when necessity requires it."

The judgment of the district court is reversed and the cause remanded, with directions to sustain the demurrer to the bill, dissolve the injunction, dismiss the action, and for such further proceeding as may be according to law.

*Reversed and remanded.*