[No. 4154.]

THE OLYMPIC ATHLETIC CLUB V. SPEER ET AL.

INJUNCTION.

An injunction will not issue to restrain the police department of a city from interfering with the giving of sparring exhibitions.

*Appeal from the District Court of Arapahoe County.*

No counsel appeared for appellant.

Mr. J. M. ELLIS, Mr. GUY LeR. STEVICK and Mr. S. L. CARPENTER, for appellees.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

The action was for an injunction to restrain the police department of the city of Denver from inter-

fering with the plaintiff in giving what it calls "ex-hibitions of athletics and sparring exhibitions." The privilege is claimed under an act of the general assembly entitled "An act in relation to prize fighting and sparring exhibitions." Session Laws 1899, p. 309.

The statute is unique in subject matter as well as arrangement. It consists of one section. The first portion provides that "A person who * * * instigates, aids or encourages * * * a fight commonly called a ring or prize fight, * * * or who engages in a public or private sparring exhibition, with or without gloves, within the state, to attend which an admission fee is charged or received * * * is guilty of a misdemeanor." No penalty is provided for a violation of the act. The section concludes with a proviso excepting from the operation of the general prohibition quoted, "sparing exhibitions with gloves of not less than five ounces each in weight," if such exhibitions are "held by a domestic, incorporated athletic association, in a building leased by it for athletic purposes only, for at least one year, or in a building owned and occupied by such association," upon the payment of a certain license fee. That is to say, a penal offense is created, applicable throughout the entire state to every person, natural and artificial, though without providing a penalty for its violation, followed by a proviso purporting to exclude from the general prohibition a certain kind of corporations.

The district court, upon an *ex parte* application, granted a temporary writ of injunction. When defendants interposed a general demurrer to the complaint, it was sustained by the court, the preliminary writ was dissolved, and the action dismissed.

The police board of the city of Denver seeks to up-

hold the judgment upon the ground (1) that the act is unconstitutional; (2) that the case was not one to invoke the extraordinary remedy asked.

If the statute is not constitutional, plaintiff concedes that it is not entitled to the relief prayed. We apprehend that when the occasion requires, the courts will not have much difficulty in passing upon its validity. We do not determine the point here. But if we consider the constitutional question fairly before the court so as to invoke its jurisdiction, and if we should, for the purposes of the opinion only, hold, according to plaintiff's contention, that the statute is valid, which for our present purpose may safely be done, nevertheless, upon this assumption, we are entirely clear that the plaintiff was not entitled to the relief sought. The contentions here are the same as they were in *Denver v. Beede*, 25 Colo. 172, except that the position of the respective parties is reversed. There the city was asserting the validity of an ordinance directed against Sunday theatrical performances which the plaintiff was attacking, while here the city assails the validity of the statute under the protection of which the plaintiff claims that it is authorized to give "sparring exhibitions." But the principal involved in the two cases is precisely the same; and the decision there covers this case in every essential point. The convincing reasoning of Mr. Justice Gabbert in the opinion in that case renders further discussion unnecessary.

It is entirely clear that the granting of the preliminary writ was unwarranted and an abuse of judicial discretion. In dissolving the same as soon as its attention was challenged by defendants, demurrer to the insufficiency of the complaint, the district court speedily rectified its error and also properly dis-

missed the action  when plaintiff elected to stand  by the complaint, to which the demurrer was sustained. Its judgment is therefore affirmed.

*Affirmed.*