[No. 6097.]

BRUNSTEIN v. THE PEOPLE EX REL. TOWN OF WINDSOR.

**Municipal Corporations—Incidental Powers**—Under the power to "regulate or prohibit" the sale or giving away of intoxicating liquors, the authorities of a town may prohibit the soliciting of orders therefor.—(11)

*Appeal from Weld County Court*—Hon. CHARLES E. SOUTHARD, Judge.

Mr. HARRY E. CHURCHILL, for appellant.

Mr. JOHN T. DOWNEY, for appellee.

*Per Curiam,* Department No. 2:

The defendant was convicted in the county court of Weld county for a violation of one of the ordinances of the town of Windsor. From the judgment the defendant has appealed.

The case was submitted upon an agreed statement of facts. The defendant was the duly accredited agent of a wholesale liquor dealer in the city of Denver, and on February 24, 1906, did, within the corporate limits of the town of Windsor, solicit and secure from one Hershberger an order for one gallon of whiskey. The agent agreed to ship from Denver, by express, the whiskey so ordered, to the said Hershberger at Windsor, and the said Hershberger agreed to send to the firm represented by the said agent the sum of four dollars and fifty cents. The order was never transmitted to the principal, and the whiskey was never delivered, but immediately after taking

the said order the agent, the defendant, was arrested, charged with a violation of the town ordinances.

By section 1 of Ordinance No. 18 N. S., of the Ordinances of the Town of Windsor, it is provided, among other things, that "whoever, by himself, or another, either as principal, clerk, agent, or servant, shall sell or dispose of, or shall give away, or shall offer for sale, or shall solicit any person to purchase, or shall receive an order for purchase, or shall receive an order for sale  *  *  *  shall be deemed guilty of an offense  *  *  * ."

The power, if any, for the enactment of the ordinance, is found in § 4403, Mills' Ann. Stats., Supp., which provides that "the city council and board of trustees in towns shall have the following powers," and subdivision 18 of said section, as follows:

"18.  To have the right, subject to the laws of the state, to license, regulate, or prohibit the selling or giving away of any intoxicating liquor  *  *  * within the limits of the city or town."

It has been repeatedly held by this court that a municipal corporation can exercise the following powers and none other:

1.  Those granted in express words.

2.  Those necessarily or fairly implied in, or incident to, the power expressly granted.

3.  Those essential to the declared objects and purposes of the corporation.

It is insisted that in so far as the ordinance provides that it shall be unlawful for any person to solicit another to purchase, or shall receive an order for sale, it is wholly void, because not within the power of the town to so enact.  We are of the opinion that it is clearly within the power of the town of Windsor to prohibit the soliciting of orders for intoxicating liquors, or the receiving of orders there-

for, as an incident of the power to regulate or prohibit.

The whole scheme of the legislature in delegating, and of the cities and towns in exercising, the power, would probably fail if solicitors were permitted to take orders without interference.

For the reasons given, the judgment is affirmed.

*Affirmed.*