[No. 7263.]

Brunstein v. City of Fort Collins et al.

Injunction—*To Restrain Enforcement of Municipal Ordinance* —Equity will not enjoin prosecutions under a municipal ordinance, on the ground of its alleged invalidity—never yet judicially declared. The question may be presented and determined in a prosecution at law, and it will not be assumed that any court will sustain the ordinance, if invalid, or that the officials of the municipality will harass, with further arrests, those who have once been acquitted.

*Error to Larimer District Court.*—Hon. Harry P. Gamble, Judge.

Mr. Fred W. Stow, Mr. Frank L. Moorhead, Mr. Homer S. Stephens, for plaintiff in error.

·ι··· Mr. PAUL LEE, for defendants in error.    ·    ·· ·····  .

Mr. JUSTICE HILL delivered the opinion of the court:

The plaintiff in error, who was the plaintiff below, instituted this action for the purpose of restraining the officers of the city of Fort Collins from attempting to enforce the provisions of an ordinance of that city, pertaining to soliciting and receiving orders for intoxicating liquors. The substance of his complaint necessary to consider is, that he has been engaged in soliciting and receiving of persons within the city of Fort Collins, orders for spirituous and fermented liquors of all kinds, and has been and now is so engaged as agent and employee of certain persons of the city of Denver; that on June 20th, 1910, there was duly passed and adopted a certain ordinance for the city of Fort Collins which provided among other things that whoever shall solicit any person to purchase, or shall receive an order for sale, or shall deliver, for the purpose of evading any of the provisions of the statutes concerning local option (being chapter 86 of the Revised Statutes of Colorado of 1908) any spirituous or fermented liquors, or intoxicating drinks of any kind, or any article used, or sold as a beverage in the composition of which whisky, brandy, high wines or alcohol, or any spirituous or fermented liquors shall be an ingredient, at any place within the corporate limits of the city of Fort Collins, or at any place within one mile of the corporate limits thereof, shall be deemed guilty of an offense, and upon conviction shall be fined in a sum not less than $50 nor more than $300; that at an election held in said city in April, 1909, there was legally submitted at all the wards included therein the proposition of whether the said political divisions should become anti-saloon territory under the provisions of the Local Option Act approved March 25, 1907; that as a result of said election the entire city became anti-saloon territory; that by the terms of the local option law after its adoption in said city, all powers and authority theretofore vested in the city for prohibiting, regulating and controlling

the selling and giving away of intoxicating liquors, etc., was repealed and withdrawn and withheld from the city, and that all power in said matters theretofore vested in the city was suspended; and that all ordinances of the city existing at the time of the adoption of the local option law, as well as all ordinances since passed, which related to said subject, became suspended; that the city authorities were divested of all right to enforce the ordinance above set forth; that the Local Option Act has continuously been in force in said city; that the plaintiff had established an extensive business in the city, in the solicitation and receiving of orders for liquors as described in the ordinance, etc., upon which he depends for his livelihood; that the defendants, as executive, prosecuting and police officers of the city, threaten that they will enforce the ordinance by causing the arrest of the plaintiff for each violation thereof, and thereby force and compel him to desist and abandon said business; that he will thereby suffer great and irreparable injury and damages if said threats are carried out; that he will be compelled to quit and abandon said business; that the damage to him would be incapable of ascertaining, and that he would have no redress at law; that he would be subjected to a multiplicity of suits and harassed and annoyed thereby, and put to the expense and annoyance of defending them; that unless the defendants are enjoined they will be acting without the scope of their power and authority, and that he has no sufficient, complete or adequate remedy at law. The prayer was for a temporary, and thereafter permanent, restraining order. The defendants demurred upon the ground that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was sustained. The plaintiff brings the case here for review upon error.

A somewhat similar ordinance to the one here being attacked was held good in the case of *Brunstein v. The People ex rel. Town of Windsor,* 47 Colo. 10. It is conceded under the ruling in that case that this ordinance would be valid, were it not for the fact that the provisions of the Local Option Act

were brought into force in the city of Fort Collins in April, 1909, by virtue of which fact it is alleged it thereafter became the exclusive law within the city, and that all ordinances thereafter passed, concerning the question of intoxicating liquors, were absolutely null and void, and that the defendants in error are without any power or authority to enforce such ordinances. We find it not only unnecessary but also improper in this kind of a case to pass upon the validity of this ordinance. In *Denver v. Beede*, 25 Colo. 172, this court held, that a court of equity will not, by injunction, restrain a prosecution at law, when the question is the same at law as in equity, except where it is necessary to protect a party from oppressive and vexatious litigation, and then only after the controverted right has been determined in a previous action in favor of the party applying for the injunction; that an injunction will not issue to restrain a prosecution for violation of a city ordinance on the ground that the ordinance is invalid, as the invalidity of the ordinance may be presented as a defense to the prosecution; that a prosecution for violating a city ordinance will not be enjoined on the ground of irreparable injury or to prevent a multiplicity of suits unless it clearly appears by the allegations of the complaint that such would be the result of the prosecution; that a court of equity will not assume that the court before whom the prosecution is had will sustain the ordinance, if invalid, nor that the city officers will continue to harass the defendant with further arrests if acquitted on that ground. It is nowhere alleged that this ordinance has ever been declared invalid by any court. We see no distinction between the case under consideration and the one above referred to. It was thereafter followed by this court in the cases of *The Olympic Athletic Club v. Speer et al.*, 29 Colo. 158 and *The Colorado Athletic Association v. Speer et al.*, 29 Colo. 161. The reasons announced in *Denver v. Beede, supra*, are full, complete and convincing and all that could be given here. The question appears to be *stare decisis* in this jurisdiction.

The judgment is accordingly affirmed.    *Affirmed.*

Mr. Justice Musser and Mr. Justice Gabbert concur.