WESTERN REFERENCE & BOND ASSOCIATION ET AL., APPELLANTS, v. JOHN H. MOREHEAD, COMMISSIONER OF LABOR, ET AL., APPELLEES.

FILED OCTOBER 2, 1915.   No. 19179.

Injunction will not lie to prevent the enforcement of an alleged void statute, where it is not affirmatively shown that the plaintiff has not an adequate remedy at law.

APPEAL from the district court for Lancaster county: P. JAMES COSGRAVE, JUDGE. *Affirmed.*

*H. H. Bowes* and *John G. Kuhn,* for appellants.

*Willis E. Reed, Attorney General,* and *George W. Ayres, contra.*

MORRISSEY, C. J.

This action is submitted under rule 14 (94 Neb. XIII) as a case stated, and is brought to restrain the commissioner of labor and his deputy from enforcing the provisions of House Roll 144 (Laws 1915, ch. 209) passed and approved April 16, 1915. Plaintiffs allege that some of them come wholly within the provisions of the act, and others come partially within its provisions, and that the commissioner of labor and his deputy will enforce the provisions of the act, unless restrained from so doing. It is further pointed out that the act violates several provisions of the Constitution, and is therefore void. The attorney general filed a general demurrer to the petition, which was sustained by the court, and plaintiffs have appealed.

The act is intended to provide for the regulation of employment bureaus. It forbids the operation or maintenance of an employment agency or bureau for hire without having first procured a license from the state, and exacts a license fee of $60 per annum from such agencies, except teachers' agencies, where the fee is fixed at $10 per annum. It lays certain restrictions as to where the agency office shall be located, requires the giving of a surety bond conditioned for the performance of the requirements of the act, empowers the deputy commissioner of labor to administer oaths, subpœna witnesses, take depositions, *et cetera,* confers upon the commissioner of labor, or his deputy, the power to conduct investigations into the method or manner of conducting the business, and, in his discretion, to cancel any license held. It requires every licensed agency to keep a register, in which shall be entered the name and sex of every person for whom employment is secured and the amount of the fee charged,

Western Reference & Bond Ass'n v. Morehead.

and the name and address of every person for whom help or servants are secured. It provides that this register shall be open to inspection and examination by the deputy commissioner of labor or his agents, and that a copy thereof be filed with the deputy commissioner of labor once a month. It requires the agency to issue a receipt to every person securing employment or help, showing the occupation, name and address of the applicant, and the amount of fee charged for procuring the position, and also showing the wage to be paid, with the name and address of the employer, together with the name of the agency issuing such receipt, also the nature of the employment offered, and, if a strike or lockout is known to exist, the fact shall be stated. It is provided that this receipt shall be issued on forms prescribed by the commissioner of labor, and that a carbon copy thereof shall be mailed to the deputy commissioner. It also forbids any licensed agency from charging a registration fee, provides that the receipt, heretofore mentioned, shall show the amount of the fee or commission charged for the services rendered, and that, in case the party paying such fee fails to obtain the employment specified, and such failure is not by the fault of such applicant, the fee shall be repaid upon demand, and that, in cases where the person seeking employment is sent beyond the limits of the city in which the employment agency operates, the agency shall repay, in addition to the commission received, any actual expense incurred by reason of failure to receive employment, when it appears that the employment agency made false representations. It forbids, under a penalty of not less than $50, or imprisonment in the county jail for a period not to exceed three months, the division of fees between the manager of any such agency and any person, company or corporation for whom employees are furnished. It forbids the sending of any female help to any place of bad repute, et cetera, the publishing of any false information, or the making of any false promises relating to work or employment, or the making of any false entry in the register of such agency. It is made the duty of the deputy commissioner of

labor to enforce the act, and he is authorized to institute criminal proceedings for the enforcement of its penalties.

Section 12 provides: "Every person, company, corporation or association doing business in this state, who shall have persons brought into this state for the purpose of employment through or by means of any employment agency operating in another state, shall fulfil the terms of the contract made between such persons shipped in for the purpose of employment and the employment agency, or shall within a reasonable period of time after the arrival of such persons desiring employment provide such persons with transportation to their original starting point and such meals and lodging as may be necessary for the proper subsistence of such persons until they arrive at their destination. Failure to comply with this section shall subject the offending parties to a fine of not less than fifty dollars ($50) nor more than one hundred dollars ($100) for each offense."

The act (section 15) further provides: "Any person, firm or corporation who for hire or with a view to profit shall undertake to secure employment or help or through the medium of cards, circulars, pamphlets of any nature whatsoever, or through the display of a sign or bulletin offer to secure employment or help or give information as to where employment or help shall be secured, shall be deemed a private employment agency and shall be subject to the provisions of this act."

The attorney general points out in his brief that, even though the act be void, the appellants have an adequate remedy at law, and that injunction will not lie. The demurrer admitted all allegations of fact that were well pleaded in the petition. The petition is not before us, but the stipulation contained in the case stated limits the allegations thereof to the mere assertion that the officers named in the act are about to enforce its provisions, and that certain of the plaintiffs come wholly, and others come partially, within its terms, and, if the act is enforced, will be liable for the license therein provided, or, in case of its violation, be liable for the penalties prescribed. There

are also allegations as to their methods of doing business, but it is neither alleged nor shown that they will suffer in their property rights, unless we are to assume that the mere enforcement of the act will work such injury.

It is said in *In re Sawyer*, 124 U. S. 200, that the office and jurisdiction of a court of equity, unless enlarged by express statute, are limited to the protection of rights of property. It is, however, pointed out that the rule has its exceptions, such as when a threatened prosecution is hostile, vexatious, and unwarranted, and involves the wanton destruction of or injury to property interests of the accused, and especially so where the injured party would have no adequate remedy at law. The rule seems to be that a court of equity will not interfere with the enforcement of a statute, except where property rights are involved and the petitioner has no adequate remedy at law. If the act is valid, plaintiffs cannot complain of its enforcement. If invalid, that defense may be asserted in the court where a prosecution is attempted. The validity or invalidity of the act is purely a question of law, and it will not be assumed that a court of law will incorrectly decide it. *City of Denver v. Beede*, 25 Colo. 172.

Appellants rely upon the cases of *Iams v. Mellor*, 93 Neb. 438, and *Bartels Northern Oil Co. v. Jackman*, 29 N. Dak. 236. In the former case this court upheld the action of the district court in restraining the enforcement of, and declaring void, what was known as the "Stallion Registration Law." In that case the jurisdiction of the equity court was not called in question, while the issue of fact was made that the defendants had interfered with the sale of plaintiff's property, that its market value had been reduced and depreciated, and, unless restrained, they would continue this interference.

Neither is *Bartels Northern Oil Co. v. Jackman, supra,* a parallel case. There the state of North Dakota had passed an oil inspection law levying an inspection fee largely in excess of the amount necessary for the payment of the expense of inspection. Plaintiff was a large dealer

in oils, and, from day to day, placed in its storage tanks, at its several places of business within the state, large quantities of oils for the use of its customers. It was alleged that the defendant inspector had seized these oils and threatened to hold the same until the inspection fees were paid. Here the property was directly affected and the equity court acquired jurisdiction.

The record does not disclose facts sufficient to confer jurisdiction on a court of equity, and it is therefore unnecessary to pass upon the other questions raised.

The judgment of dismissal is

AFFIRMED.

SEDGWICK, J., concurs in the conclusion.

HAMER, J., not sitting.